## MALONY v. BRADY.

*(Common Pleas of New York City and County, Additional General Term.
June 1, 1891.)*

MASTER AND SERVANT—LIABILITY OF CONTRACTOR.

Plaintiff, owner of a building occupied by tenants, employed defendant to repair the roof thereof, and while it was being repaired defendant's servants left it in an insecure condition, so that water leaked through, and destroyed the goods of the tenants within. Plaintiff satisfied his tenants for damages sustained by them, and brought an action to recover the amount paid them from the contractor repairing the roof. *Held,* that he was entitled to recover, the contractor not occupying the relation of servant to plaintiff in respect of his employment. Following *Sulzbacher v. Dickie,* 6 Daly, 469.

Appeal from ninth district court.

Action by Patrick G. Malony against Edward J. Brady. From a judgment for defendant, plaintiff appeals.

Argued before BISCHOFF and BOOKSTAVER, JJ.

*A. McDonald,* for appellant. *Johnston & Johnston,* for respondent.

BOOKSTAVER, J. Plaintiff is the owner of the building No. 265 Washington street, which in December, 1890, was occupied by the Eppens, Smith & Wymans Company. This building needed a new roof, and with the consent of the tenants plaintiff undertook to have one put on, although the case does not show that he was under any obligation to keep the premises in repair. He made a contract with the defendant to do this work for the sum of $140, and the latter guarantied plaintiff against all loss or damage from his acts while the work was being done. The old roof was of tin, and the new one was to be of the same material. The tenants at that time had a quantity of teas, coffees, and perishable goods in the building. When the defendant commenced the job he put but one roofer and a helper at work. The plaintiff frequently complained of this, but the defendant said he could find only one roofer just then, but it would be all right, and he would guaranty no damage should arise. After he had been at work some days, the weather became threatening, and the plaintiff again saw the defendant and warned him of the danger, and he said the plaintiff might be at rest. "He would guaranty there would not be a dollar's worth of damage if a storm came." Plaintiff then asked him to send his men around to put the roof in a condition to resist the storm, which he promised to do. A storm then came on. At that time but one-half of the roof was covered with new tin, and the old was drawn over it in such a manner that the rain penetrated into the building and, it is claimed, damaged some of its contents, for which the plaintiff paid the tenant the sum of $178.80, to recover which this action was brought. Upon the trial the complaint was dismissed. This must have been upon the theory that the plaintiff was not in any way liable for any degree of negligence in putting on the roof. As a general rule, where a person is employed to perform certain work in the nature of repairs or improvements to a building by the owner thereof, which requires the exercise of skill and judgment as a mechanic, the accomplishment of which is left to his discretion, with no restriction as to its exercise, such person does not occupy the relation of a servant under the control of a master, but as an independent contractor, and the owner is not liable for his acts or the acts of his workmen who are negligent, and the cause of injury to another. It is essential, in order to establish the liability against the principal for the negligence of others, that the relation of master and servant should exist. *Hexamer* v. *Webb,* 101 N. Y. 377, 4 N. E. Rep. 755; *King* v. *Railroad Co.,* 66 N. Y. 181; *Devlin* v. *Smith,* 89 N. Y. 470; *Morton* v. *Thurber,* 85 N. Y. 550. But a landlord making repairs to his premises occupied by a tenant seems to be an exception to this rule. In *Sulzbacher* v. *Dickie,* 6 Daly, 469, it was held that a landlord, under circumstances

very similar to those which were proved in this case, was liable, and we feel constrained to follow that decision. The judgment must therefore be reversed, and a new trial ordered. But as the appellant did not call the attention of this court to the foregoing decision, and presumably did not call the attention of the court below to it, we think, under the circumstances, no costs of this appeal should be allowed to either party. Upon a new trial the amount paid by the landlord is not to be taken as the measure of damages, but the defendant should be at liberty to show, if he can, that he was guilty of no negligence in the matter; and in no event should the plaintiff recover more than the actual damage sustained by the tenant.