## MALONY v. BRADY.

*(Common Pleas of New York City and County, General Term. May 2, 1892.)*

1. MASTER AND SERVANT—LIABILITY OF CONTRACTOR.
    A contractor who repairs, in a defective manner, the roof of a building occupied by tenants, does not occupy the relation of servant to the landlord, and is liable to reimburse him for resulting damages paid to the tenants. *Sulzbacher* v. *Dickie*, 6 Daly, 469, followed.

2. SAME—MEASURE OF DAMAGES.
    In such case, the sum paid by the landlord to the tenants, if not excessive, is the proper measure of his damages.

Appeal from ninth district court.

Action by Patrick Malony against Edward Brady for damages resulting from the negligence of defendant in repairing the roof of plaintiff's building, whereby the goods of plaintiff's tenants were injured. Plaintiff paid his tenants for the injuries suffered by them, and he now sues defendant for indemnity. From a judgment for plaintiff, defendant appeals. Affirmed.

For decision on appeal by plaintiff from the judgment rendered on the former trial, see 14 N. Y. Supp. 794.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Edward S. Johnston,* for appellant. *Matthew Daly,* for respondent.

PER CURIAM. As the party ultimately answerable for the wrong, defendant is bound to indemnify plaintiff. *Sulzbacher* v. *Dickie,* 6 Daly, 469, is an explicit authority in support of defendant's liability. Moreover, on a former appeal in this case, we adjudged the defendant liable upon a state of facts substantially identical with that established on the trial under review. *Malony* v. *Brady,* 14 N. Y. Supp. 794. In this court, at all events, the question is concluded. We may add, however, that the defendant's guaranty afforded another and independent ground of recovery. The sum paid by plaintiff to repair the effects of defendant's negligence, unless it were excessive, is the proper measure of the damages for which he was responsible. The cases cited by the appellant are not at all to the contrary. We perceive no error in the return, and accordingly the judgment is affirmed, with costs.