JOHN J. MONTGOMERY et al., Appellants, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

MUNICIPAL CONTRACT — REJECTION OF MATERIALS — DAMAGES.   A contractor with a city for work and materials cannot maintain an action against it for damages caused by the rejection of materials by an official vested, by the contract, with the power of inspection and rejection, and whose power has been recognized by the contractor by procuring, and completing the work with, other materials.

*Montgomery* v. *Mayor, etc.*, 9 Misc. Rep. 331, affirmed.

(Argued December 9, 1896; decided December 22, 1896.)

APPEAL by the plaintiffs from a judgment of the General Term of the Superior Court of the city of New York, entered December 6, 1894, which affirmed so much of a judgment of a Trial Term as dismissed the second cause of action set out in the complaint.

The plaintiffs, as co-partners, entered into a contract with the defendant for constructing a sewer and appurtenances. This action was brought to recover upon two causes of action alleged by the plaintiffs to arise under the contract.   Under the direction of the court the plaintiffs recovered their claim under the first cause of action, which was for a balance due

32

under the contract, as certified by the defendant's officers. The plaintiffs, by their second cause of action, sought to recover $9,050 for damages and increased cost occasioned by defendant and its agents in delaying the work, causing the same to be performed at a disadvantage, and by refusing to permit the plaintiffs to use, in the work, materials corresponding to the plans and specifications.

Further facts are stated in the opinion.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellants. The plaintiffs were only required to furnish such pipe as was required by the terms of the contract, and if the inspector rejected pipe which conformed to the specifications, his act was wholly without warrant or authority in law. (*City of Brooklyn* v. *B. C. R. R. Co.*, 47 N. Y. 479; *D. S. B. Co.* v. *Garden*, 101 N. Y. 387; *Doll* v. *Noble*, 116 N. Y. 230; *Dennis* v. *M. B. Assn.*, 120 N. Y. 496.) The plaintiffs are entitled to recover of the defendant the increased cost of the work occasioned by the act and fault of the inspector in the prosecution of the work. (*Dubois* v. *D. & H. C. Co.*, 4 Wend. 285; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205; *Mulholland* v. *Mayor, etc.*, 113 N. Y. 631; *Pennell* v. *Mayor, etc.*, 27 J. & S. 279; *Newell* v. *Mayor, etc.*, 61 Hun, 357; Dillon on Mun: Corp. § 981; *Bailey* v. *Mayor, etc.*, 3 Hill, 531; *Aldrich* v. *Tripp*, 11 R. I. 141; *Pittsburgh* v. *Grier*, 22 Penn. St. 54; *Scott* v. *Manchester*, 2 H. & N. 204; *Crowley* v. *Sunderland*, 6 H. & N. 565; *Mersey Dock Cases*, 11 H. L. Cas. 687.) The continuance of the prosecution of the work by the plaintiffs was in no way a waiver by them of the claim for the injury sustained. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205; *McMaster* v. *State*, 108 N. Y. 542; *Byron* v. *Low*, 109 N. Y. 293.) The damage caused by the incompetence of the inspector was in no way a risk incidental to the prosecution of the work under the terms of the contract. (*McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 287; *Wood* v. *Ft. Wayne*, 119 U. S. 312; *Everard* v. *Mayor, etc.*, 89 Hun,

425.) The inspector was in no way an arbitrator or judge under the terms of the contract. He was simply the agent of the city, with no power to bind or conclude the contractor. (*O'Brien* v. *Mayor, etc.*, 139 N. Y. 585.) The final certificate of the engineer is no bar to the plaintiffs' recovery. (*O'Brien* v. *Mayor, etc.*, 139 N. Y. 543.)

*Francis M. Scott* for respondent. The final certificate or return of the engineer is binding and conclusive upon the plaintiffs as to the amount of work done and materials furnished under the contract. (*Sweet* v. *Morrison*, 116 N. Y. 19 ; *Phelan* v. *Mayor, etc.*, 119 N. Y. 86 ; *Kilberg* v. *U. S.*, 97 U. S. 401 ; *Butler* v. *Tucker*, 24 Wend. 450 ; *U. S.* v. *Robeson*, 9 Pet. 319 ; *O'Brien* v. *Mayor, etc.*, 139 N. Y. 575, 576 ; *Whiteman* v. *Mayor, etc.*, 21 Hun, 117.) When the final certificate was given by the engineer, it was and is conclusive upon the parties, and in the absence of proof of bad faith or misconduct on the part of the engineer, or palpable mistake, neither party can be allowed to prove that said engineer decided wrongly as to law or facts. (*Byron* v. *Low*, 109 N. Y. 291 ; *Sweet* v. *Morrison*, 116 N. Y. 32 ; *Phelan* v. *Mayor, etc.*, 119 N. Y. 86 ; *D. & H. C. Co.* v. *P. C. Co.*, 50 N. Y. 266 ; *Van Cortlandt* v. *Underhill*, 17 Johns. 405 ; *Hoffman* v. *De Graaf*, 109 N. Y. 638 ; *Masury* v. *Whiton*, 111 N. Y. 679 ; *Mayor, etc.*, v. *Brady*, 81 Hun, 440.) Defendant cannot be held liable beyond the terms of the contract. (*McDonald* v. *Mayor, etc.*, 68 N. Y. 26 ; *Smith* v. *City of Newburgh*, 77 N. Y. 136.) As the plaintiffs' complaint was dismissed, they must have the benefit upon this appeal of all the facts which their evidence tended to prove, but even upon this assumption they have shown no cause of action. (*Wylie* v. *M. Nat. Bank*, 61 N. Y. 415.)

*Per Curiam.* By the terms of the contract made between the plaintiffs and the city, which provided for the construction of a sewer, the commissioners of the park department were authorized to appoint an inspector of the materials fur-

nished and the work done, " and to see that the same corre-
sponded with said specifications and plans." The plaintiffs
further agreed in the contract that the certificate of the
inspector that the work had been faithfully performed in
accordance with the requirements of the contract, approved
by the engineer of the commissioners, should be a condition
precedent to their right of payment. The effect of these
provisions was to vest in the inspector a right or capacity to
pass upon the performance of the work, which came very
near to constituting him, as between the parties, the judge as
to that matter. The plaintiffs' cause of action for damages is
based upon an increased cost of the work, alleged to be due to
the action of the inspector in delaying the work, through his
rejection of materials which were in accordance with the plans
and specifications. The plaintiffs' evidence shows that the
inspector frequently did reject the pipe and cement intended
to be used, and, possibly enough, that he was very arbitrary in
doing so. The plaintiffs were not otherwise prevented from
going on with the work than by the objections which were
made by the inspector to the suitableness of the materials. It
may be true that his objections were not sound, and perhaps
his superior officers should have listened more indulgently to
the plaintiffs' complaint concerning the inspector's action.
But, assuming the truth of all this, we fail to see how any
cause of action has arisen against the city for these damages.
It would be very extraordinary, and we think it would con-
stitute an unsafe precedent in future cases, if contractors with
the city under these contracts could maintain actions against
it for damages, where the execution of the work contracted
for was delayed, upon the ground that the delay was caused
by the officers who, by the force of the contract, were invested
with the power of supervision. This is not at all like the
*Mulholland* case (113 N. Y. 631), where, through the action
of the city's engineers, more work was required of the plain-
tiff that was called for by the contract, by reason of a devia-
tion from the original plan, which caused additional and use-
less labor. If the inspector had the power under this con-

tract to reject materials which he thought unfit to be used, the plaintiffs certainly cannot complain; for such was the agreement of the parties. For all that the case discloses, there was nothing to prevent the plaintiffs going on with the work and relying upon their ability to prove, if upon completion the city should refuse to make payment, that the work and materials were up to the requirements of their contract. But the plaintiffs, in effect, acquiesced in the inspector's rejection of materials; for they went on with the work after procuring other materials; or, at least, they must be assumed to have done so. We do not think they can be heard to complain that the city has been made liable to them in damages, upon the theory that a delay occurred in the completion of the work, whereby the cost was increased to them; when the delay was occasioned in the exercise of a power of supervision which the contract warranted and which the plaintiffs seem to have recognized.

. We, therefore, think that the complaint was properly dismissed as to this cause of action, and that the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed. _____