(116 App. Div. 756)

MUNK v. MARYLAND CASUALTY CO.

(Supreme Court, Appellate Division, Second Department. January 18, 1907.)

1. INSURANCE—PLATE GLASS INSURANCE—ELECTION TO REPAIR.
    Where insurer in a policy insuring plate glass show windows elected to replace a broken glass, there was an implied obligation to perform within a reasonable time.

2. SAME—PARTIES ENTITLED TO RECOVER.
    Where the lessor of a drug store insured the plate glass show windows, and when one was broken the insurer elected to replace it, but there was negligent delay in replacing it, the tenant could not recover therefor.

3. SAME.
    The landlord was not entitled to recover damages for the delay where it did not appear that he had suffered any loss, or that he was under any liability to the tenant on account of the delay.

Appeal from Municipal Court, Borough of Queens, First District.

Action by Joseph T. Munk against the Maryland Casualty Company. Appeal by defendant from a judgment in favor of plaintiff. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and JENKS, RICH, and MILLER, JJ.

Frederick E. Fishel, for appellant.

JENKS, J. The action is in the Municipal Court. The defendant issued a plate glass insurance policy to Coleman, covering the show windows of a drug shop leased by Coleman as owner to the plaintiff. The plaintiff's case is as follows: On or about March 25th a show window was cracked by an accident. The defendant was notified, and within four days sent over a surveyor to inspect and to measure the window. The defendant did nothing more for 10 days. During that interval a storm blew in the damaged window, so that certain chattels and drugs of the plaintiff were damaged or destroyed. For several days the plaintiff was forced to cover the window with canvas, and to employ a watchman at night to guard his premises. His trade fell off for four days at the rate of $2 a day.

I think, that we may assume that, irrespective of any covenant or agreement, the landlord undertook the repair, inasmuch as he notified the defendant and the defendant elected under a clause of the policy to replace the damaged windowpane. The pleadings are oral, but the plaintiff read in evidence an assignment to him from Coleman, the owner, of all his right, title, and interest to the claim and demand that he had against the defendant by reason of any loss which he had sustained in the said premises. As the defendant elected to repair, the contract of insurance was superseded by the contract to repair, and hence any action of the landlord ex contractu is upon that contract, and not upon the policy. Neither the amount of loss nor of insurance controls the amount of recovery. Heilmann v. Westchester Fire Ins. Co., 75 N. Y. 7; Morrell v. Irving Fire Ins. Co., 33 N. Y. 429, 88 Am. Dec. 396. The action, then, is in effect by the landlord (for the fact that his assignee is the tenant is but an accident) against the defendant upon its contract to repair. The breach of the defendant is not omission to perform, for it did eventually perform. But, in the absence of any express agreement, the law will imply an obligation to perform within a reasonable time, and hence the breach, if any, is the omission of the defendant to perform within that period—for delay. But none of the damages alleged or proved by the plaintiff are those of the landlord. Indeed, it does not appear that he suffered any loss whatever. If the defendant did the work unskillfully or negligently, to the damage of the landlord, then it is quite true that it might be sued by the landlord for the tort. Tuttle v. Gilbert Man. Co., 145 Mass. 169, 175, 13 N. E. 465.

There are authorities to the effect that the landlord may be held for the negligence of the contractor in the doing of a work of repair. Malony v. Brady (Com. Pl.) 18 N. Y. Supp. 757, citing Sulzbacher v. Dickie, 6 Daly, 469; Malony v. Brady (Com. Pl.) 14 N. Y. Supp. 794; Wertheimer v. Saunders, 95 Wis. 573, 70 N. W. 824, 37 L. R. A. 146; Mylhre v. Schleuder (Minn.) 108 N. W. 276. See, too, McAdam on Landlord & Tenant (3d Ed.) § 388. In Malony v. Brady (Com. Pl.) 18 N. Y. Supp. 757, the landlord was held entitled

upon the doctrine of indemnity to recover of the contractor for the losses paid by the landlord to tenants on account of the contractor's negligence. But in such case the landlord must establish his liability to the tenant for the shortcomings of the defendant. I am not informed of the plaintiff's theory of this action, and the oral pleadings as taken down afford no clue. I have been compelled to infer the theory from the record and from the evidence. I read that the learned counsel for the plaintiff stated to the court at the outset that his client came into court, not only with his own claim, but as assignee of the landlord. The negligence so far as proven by the plaintiff's case consists merely in the breach of contract. Shearman & Redfield on Negligence (5th Ed.) § 116, state the rule:

"Negligence which consists merely in the breach of a contract will not afford ground for an action, except by a party to the contract or a person for whose benefit the contract was avowedly made."

Judgment reversed and new trial ordered, costs to abide the event. All concur.