(122 App. Div. 487.)

## MUNK v. MARYLAND CASUALTY CO.

(Supreme Court, Appellate Division, Second Department. November 29, 1907.)

1. INSURANCE—PAYMENT—ELECTION TO REPAIR.

The lessor of a drug store insured the plate glass window front, and on its being broken the insurer elected to replace it, which was not done for several days. *Held,* that the lessee, not being privy to the agreement,

could not recover from the insurer for damages sustained during the delay in repairing the window.

2. SAME.

The failure of an insurer to promptly repair a glass window of a drug store is not a tort as to the lessee of the store.

Appeal from Municipal Court, Borough of Queens, First District.

Action by Joseph T. Munk against the Maryland Casualty Company. From a judgment in favor of the plaintiff, defendant appeals. Reversed.

See 102 N. Y. Supp. 164.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Frederick E. Fishel, for appellant.

Morris Kamber, for respondent.

GAYNOR, J. The complaint should have been dismissed. The plaintiff kept a drug store. His landlord had the glass window front of the store insured by the defendant. It was broken by a bat or ball on the outside. Instead of paying the landlord the amount of the damage done to it, the defendant agreed with him to replace the pane, but, it is claimed, neglected to keep such agreement by doing the repairs promptly, and meanwhile the weakened pane fell in upon the plaintiff's goods and damaged the same, and the plaintiff also had to hire a watchman to keep people from coming in through the broken front.

The plaintiff had no privity with the said agreement, and therefore cannot maintain an action upon it or for damages to him by its breach. The contention that the failure to make the repairs promptly was a tort, i. e., negligence toward the plaintiff, is without support either in reason or authority. Moreover, the action is not for a tort. The landlord assigned to the plaintiff any right of action the former had against the defendant for damages for the said breach, and the action is brought upon that cause, and also for the damages to the plaintiff himself by the breach. There was no evidence that the landlord suffered any damage.

This case was here before (116 App. Div. 756, 102 N. Y. Supp. 164) when the former judgment for the plaintiff was reversed, but our decision was altogether disregarded on the present trial. The plaintiff should not have been permitted to give evidence of the injury to his property.

The judgment should be reversed.

Judgment and order of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.