### ANTHONY v. MOORE & MUNGER CO.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. DAMAGES (§§ 120, 175*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

The measure of damages for breach of contract binding one to build a body and place it on an automobile chassis furnished by another, and to furnish other materials and make repairs on the machine, is the reasonable cost of making the work and materials conform to the contract; and evidence of the value of the chassis and of the value of the machine after the work contracted for had been performed is inadmissible.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 291–305, 469–471; Dec. Dig. §§ 120, 175.*]

2. DAMAGES (§ 68*)—INTEREST—BREACH OF CONTRACT—UNLIQUIDATED DAMAGES.

Interest is not allowable on unliquidated damages for breach of contract, not ascertainable by computation or otherwise by the party guilty of the breach.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 141–143; Dec. Dig. § 68.*]

Appeal from Trial Term, New York County.

Action by Nicholas W. Anthony against the Moore & Munger Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

L. E. Warren, for appellant.
Herbert Noble, for respondent.

McLAUGHLIN, J. The plaintiff owned an automobile chassis, and the defendant, for a stipulated consideration, agreed to build and place upon it a body within a stated time; also to furnish other materials and make certain repairs. The complaint alleges that the defendant failed to construct the body within the time agreed upon, and that the work and materials furnished were of inferior quality, and that the repairs were not properly made, to plaintiff's damage in the sum of $15,000. The plaintiff had a verdict of $2,923, with interest, and from the judgment entered thereon and an order denying a motion for a new trial defendant appeals.

At the trial the plaintiff was permitted against defendant's objection and exception to introduce testimony for the purpose of showing

what the value of the automobile actually was when delivered to him by the defendant and what it would have been if the work and materials contracted for had all been properly done and furnished, claiming as his damage, aside from the question of delay, the difference between these two amounts. The court also charged in submitting the case to the jury (to which the defendant excepted):

"If, however, you believe that the work which the defendant had agreed to do was not workmanlike or that the materials were not as agreed, or both, in some or all of the matters claimed by the plaintiff, he would be entitled to your verdict in an amount which would fairly and reasonably represent the difference between the value of the automobile as it was when the defendant delivered it to the plaintiff at the end of December, 1906, and what its value would have been if the agreed work had been properly done."

Such testimony was improperly admitted, and the instructions were erroneous. Had the defendant contracted to build an automobile, this would have been the proper measure of damage, but that was not the contract. What the defendant agreed to do was to build a body and place it upon a chassis furnished by the plaintiff, and also to furnish other materials and make certain repairs upon the machine. The plaintiff in his complaint alleged that the chassis which he furnished to the defendant was worth $12,000, and, if the defendant had performed its contract, then the machine would have been worth $15,-000. So far as the defendant failed to furnish the new body and other materials according to the specifications, the plaintiff was entitled to a recovery which would leave him as well off as he would have been had the contract been fully performed. The true measure of damage, therefore, which would bring about this result, was the cost and expense reasonably necessary to make the work and materials conform to the requirements of the contract. 13 Cyc. 159; Maloney v. Brady (Com. Pl.) 18 N. Y. Supp. 757; Stillwell Mfg. Co. v. Phelps, 130 U. S. 520, 9 Sup. Ct. 601, 32 L. Ed. 1035. The value of the chassis had nothing to do with this, and it was error to admit evidence as to the value of the machine after the top had been placed upon it and the repairs made, and make that value the basis in estimating the damage. Monitor Milk Pan Co. v. Remington, 109 N. Y. 143, 16 N. E. 48.

The court also erred in charging the jury that the plaintiff was entitled to interest. The damages were unliquidated, and there was no means accessible to the defendant of ascertaining, by computation or otherwise, the precise amount to which the plaintiff was entitled. In such cases interest is not allowable. Gray v. Central R. R. of New Jersey, 157 N. Y. 483, 52 N. E. 555; Mansfield v. N. Y. C. & H. R. R. Co., 114 N. Y. 331, 21 N. E. 735, 1037, 4 L. R. A. 566; Delafield v. Village of Westfield, 41 App. Div. 24, 58 N. Y. Supp. 277, affirmed 169 N. Y. 582, 62 N. E. 1095.

The judgment and order appealed from must therefore be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.