McINTIRE v. SPRAGUE et al.

(Supreme Court, Special Term, Steuben County.  July 10, 1916.)

1. WILLS ⬤�longdash858(4)—LAPSED DEVISE.
   Where a will devised to testator's son the use and income of the Abbott farm, to go to any child of the son born in lawful wedlock surviving him, and further devised all the rest and residue of testator's realty to another son and three daughters, upon the death without children of the son to whom the Abbott farm was devised, such lapsed devise became a part of the residuary estate, and passed to the other son and his sisters.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2176–2178; Dec. Dig. ⬤�longdash858(4).]

2. PLEADING ⬤�longdash350(2)—JUDGMENT ON THE PLEADINGS—MOTION—PREMATURE CHARACTER.
   Defendant's motion for judgment on the pleadings, made after the joining of issue, the notice of motion having been served after service of the answer, was not prematurely made.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1071, 1076; Dec. Dig. ⬤�longdash350(2).]

Action by Eva McIntire against John L. Sprague and others.  On motion by defendant Sprague for judgment on the pleadings.  Motion granted.

James McCall, of Bath, for the motion.
Eugene H. Bouton, of Livingston Manor, opposed.

CLARK, J.  The third clause of the will of William Sprague, late of Urbana, Steuben county, N. Y., deceased, reads as follows:

"Third. I give and devise to my son David Sprague the use and income of the farm I got of Abbott which is known as the Abbott farm and containing 75 acres, the highway between the same and the 100 acres I got of Younglove to be the dividing line, to have and to hold the same for and during his natural life, subject to the interest in same which I gave to my wife as above stated. If my son shall leave any child or children born in lawful wedlock him surviving, then and in that case I give and devise said farm to his lawful child or children him surviving."

Paragraph 4 of said will reads as follows:

"Fourth. I give and devise all the rest and residue of all my real property of every name and nature to my son John L. Sprague and to my daughters Jane Barrett, Caroline Bronson and Harriet Garrison to have and to hold forever, share and share alike."

The widow of the decedent is not now living, and his son David Sprague, referred to in the third clause of the will, died leaving no "child or children born in lawful wedlock," and plaintiff brings this partition action, claiming that the farm in question, upon the death of David Sprague without leaving children, passed to the heirs at law of the testator; the plaintiff being one of them.

The answering defendants contend that, upon the death of David Sprague without leaving children, the farm passed under the residuary clause of the will above quoted to the persons named therein, and not to the heirs at law.

[1] The will of decedent discloses a purpose on his part to dispose of all of his property, and that means the property of which he should die seised. If plaintiff's theory were adopted, that as to the property referred to in the third clause of the will, on the death of David Sprague without leaving children, it would go to the heirs at law, it would be clearly contrary to the intention of the testator as expressed in his will, for he says in the residuary clause:

"I give and devise *all* the rest and residue of *all* my real property of every name and nature," etc.

When the son David died, leaving no children, there was a lapsed devise of the property referred to in the third clause of the will, and that would follow into the residuum, and be disposed of according to the intention of the testator, as expressed in the residuary clause of the will. In other words, the lapsed devise under the third clause became a part of the residuary estate, and passed to the persons named in the residuary (fourth) clause of the will. Youngs v. Youngs, 45 N. Y. 254; Cruikshank v. Home for the Friendless, 113 N. Y. 337, 21 N. E. 64, 4 L. R. A. 140; Matter of Allen, 151 N. Y. 249, 45 N. E. 554 (Opinion); Hirsch v. Bucki, 162 App. Div. 664, 148 N. Y. Supp. 214 (Opinion).

[2] This motion, having been made after the joining of issue (the notice of motion having been served after service of the answer), is not prematurely made, and it appearing that the property referred to in the third clause of the will, on the death of David Sprague without surviving issue, passed under the residuary clause of the will to the persons named therein, it must be held that plaintiff has no interest in the lands described in the complaint, and this motion must be granted, with costs.

So ordered.