SCHUNNEMUNK CONSTRUCTION COMPANY, Claimant, *v.* STATE OF NEW YORK.

Claim No. 2621–A.

(Court of Claims, August, 1921.)

*Court of Claims — breach of contract for improvement of highway — interruption of work by order of representatives of state for unreasonable period — unliquidated damages — claim allowed but without interest.*

CLAIM for damage sustained through breach of contract.

Parsons & McClung, for claimant.

Henry P. Nevins, deputy attorney-general, for state.

CUNNINGHAM, J. The claimant on March 7, 1914, made a contract with the state for the improvement of the highway in Otsego county known as the Unadilla-Wells Bridge State Highway, No. 5229. The contract was executed by the commissioner of highways in behalf of the state, and approved by him April 10, 1914. Prior to May 1, 1914, the state commissioner of highways notified the claimant that the right of way for the highway had been procured, and directed it to proceed with the work, and the state's engineers placed the stakes for the required grades. The claimant began the construction work on that date, and it progressed until the 10th day of June, 1914. On the latter day, the claimant discovered that the Delaware and Hudson Railroad Company had constructed a fence across the proposed highway, where it crossed the premises of the railroad company, and where the construction was in progress. The right of way over the railroad company's property

had not been acquired. The claimant then was ordered by the representatives of the state in charge of the work to cease operations, which it did. On July 25, 1914, the state notified the claimant that the right of way in dispute had been acquired, and directed it to resume construction of the highway. The claimant did so. In the interim, the claimant, several times each week, had inquired of the commission if the right of way had been secured, and sought permission to resume operations. It was told each time that the matter would be adjusted " next day." As a result of the interruption of the work thus occasioned, much of claimant's plant and many of its employees were rendered idle, the period of construction prolonged, and serious loss inflicted upon the claimant. For this damage recovery is sought.

The contract provided for the construction of a retaining wall. Claimant had its machinery and employees prepared to build it, when it was notified by the state's engineers in charge that the wall had been eliminated from the contract, and was not to be built. Thereupon, claimant removed its equipment and men to another site. Subsequently, and when winter was in proximity, the state directed the claimant to build the wall, which necessitated that the work be done under disadvantageous climatic conditions and the return of equipment and machinery to the site of the wall, causing a considerable increase in cost to the claimant. The claim demands compensation therefor.

Under circumstances similar to those last mentioned, the state's engineers directed the claimant to omit construction of certain concrete abutments included in the contract, because they were to be eliminated from the work, and at a much later period in the progress of the work, required the claimant to return plant, material and men to the site thereof, to effect concrete construction under the same item of the contract, causing a considerable increase in the

cost of the work to the claimant, for which he seeks remuneration here.

There can be no serious question as to the claimant's right to recover for the two items of its claim involved in the matters stated in the last two paragraphs above. The evidence discloses no justification whatever for the action of the engineers on thus preventing the claimant from performing these two items of its contract at the time the reasonable and economical progress of the work required. If this action of the engineers was not arbitrary, at least it was such an unreasonable interference as entitles the claimant to compensation to the extent of the loss imposed upon it.

The state contends that it is not liable for the interruption caused by the building of the fence and the state's order to the claimant to cease operations, both of which were caused by the omission to secure the necessary right of way. It asserts that its interference with the claimant's performance of the contract was due to the wrongful or negligent act of the county officials, for which the state is not responsible. We are reminded that the Highway Law governing this controversy required the county to secure the necessary rights of way, before the work of construction commenced (Laws of 1909, chap. 30; § 148, amd. by Laws of 1917, chap. 261, § 4, to require that the right of way be secured before the advertisement for proposals; Highway Law, § 148); and that there is no evidence that the state was negligent in directing the claimant to begin work. It is argued that the claimant was cognizant of these provisions of the statute, and if it was not, that its ignorance of the law is of no avail, and that, in any event, the delay was not such as to be unreasonable, and a breach of the contract.

We believe there is some confusion in analysis on

the part of the state. The action is not in negligence, but for breach of contract. Something might be said regarding the degree of care exercised by the state, in accepting the mere statement of somebody, that the rights of way had been secured, and in notifying the claimant that they had been acquired, and to proceed with the work. But, as the action is for breach of contract, the state's care or diligence is of no moment. The issue is whether the state has violated the contract, by interfering with and interrupting the claimant in its performance of its obligation. Such interference between individuals or corporations confers a right of action. *Mansfield* v. *New York Cent., etc., R. Co.,* 102 N. Y. 205; *Del Genovese* **v.** *Third Ave. R. R. Co.,* 13 App. Div. 412; affd., 162 N. Y. 614.

If an individual, in good faith, believed that he was the owner of land, and contracted with a builder for the construction of a house upon it, and, during the progress of the work, discovered that he had not title, and interrupted the performance by his builder of the erection of the structure, he would be liable for the damage caused. His lack of negligence would be no defence. The situation is no different here. We are not unmindful of the statutory provisions above referred to, but the claimant had no power or function in that connection. It was the duty of the county to procure the right of way, and of the state to satisfy itself in that respect before directing the claimant to proceed. This was a matter between the state and the county, and the state could use its own means to assure, protect and inform itself, before ordering claimant to begin work. No question of ignorance of law as an excuse is involved here. The claimant does not appear to have been ignorant of the law, nor does it assert such ignorance, as an excuse. Evidently, the state was misled concerning the *fact*

whether the law had been complied with, and in turn, misled the claimant, as to that *fact*, and notified it to begin work, under its contract. The contract afforded no right to the state to interrupt claimant's operations for so unreasonable a period, if at all. The proof of the resultant damage is satisfactory in the sum of $3,147.05. The amount being unliquidated, the claimant cannot recover interest thereon. *Anthony v. Moore & Munger Co.*, 135 App. Div. 203, 205. **The** award will follow in the sum of $3,147.05,

ACKERSON, P. J., concurs.

Award accordingly.