JOHN JOHNSON CONSTRUCTION COMPANY, Appellant, Respondent, *v.* THE STATE OF NEW YORK, Respondent, Appellant.

Fourth Department, January 7, 1925.

State — claims against — action to recover damages for delay in constructing highway in city and for extra cost of material — city had permission to lay water mains in street and agreed to complete work before plaintiff's contract was executed — city, with consent of State, delayed work — State is liable for all damages naturally flowing from delay — State is liable for increase in cost of brick.

The State is liable to a highway contractor for all damages which naturally flow from delay imposed upon the contractor in commencing work, where it appears that a city had permission to lay water mains in the highway that was to be improved, and agreed to have the work done before the plaintiff's contract was executed; that the city failed to complete this work on time, which delay by the city was consented to by the State; that the delay by the city prevented the claimant from proceeding under its contract; and that the claimant was not permitted by the State to commence its work until several months after the time when it should have been commenced.

The claimant is entitled to recover for the extra cost of brick which were required to pave the street, since it appears that the condition of the street was not such that the brick or other materials could have been delivered and deposited on the site of the contract for several months after the contract was executed, and that in the meantime the price of material advanced; the claimant was not required to procure the material prior to the time when it could have commenced the work and store the same in anticipation of the commencement of the work.

CROSS-APPEALS by the plaintiff, John Johnson Construction Company, and by the defendant, The State of New York, from a judgment of the Court of Claims, entered in the office of the clerk of said court on the 21st day of January, 1924.

Plaintiff appeals on the ground that the judgment is insufficient, and defendant on the ground that it is contrary to the evidence and the law.

*Jackson, Manley & Herrick* [*Robert H. Jackson* and *Henry W. Killeen* of counsel], for the claimant.

*Carl Sherman, Attorney-General* [*W. J. Wetherbee* of counsel], for the defendant.

TAYLOR, J.:

In August, 1916, this claimant was awarded a contract by the State Commissioner of Highways for improving a public highway in the city of Jamestown. The claimant signed the contract August twenty-fifth, but it was not executed on the part of the State until December 5, 1916. The contract provided that the work done thereunder should be completed by November 15, 1916, but this provision was disregarded. The city of Jamestown was laying sewer, gas and water mains in the street in question, and, through a resolution of its board of aldermen, the city agreed to have this work completed prior to the date of the award of the contract to this claimant. The city failed to complete its work on time and retained possession of the street for that purpose until along in the spring of 1917. Because of such delay by the city of Jamestown, plaintiff could not proceed under its contract. In fact, it was stipulated in this action that the claimant was not permitted by the State thus to proceed, but was directed by the State's Division Engineer not to commence any work upon said street until late in the summer of 1917. Such directions of the Division Engineer were the acts and directions of the State. (*Ryder Building Co.* v. *City of Albany*, 187 App. Div. 868.) The claimant was ready to commence work within about three weeks after it had executed the contract and remained so in readiness until the work was started about July 1, 1917. This all appears in the findings and is substantiated by testimony. It further appears that the condition of the street was such that brick and other building materials could not be delivered and deposited on the site of the contract between the time the contract was executed in behalf of the State and July 1, 1917. It also has been found that the brick necessary to be used in performing this work would have cost $6,362.60 more at market price on July 1, 1917, than it would have cost in the fall of 1916 and the winter following.

The claimant asks to be recompensed for increased material cost, for rentals and for increased interest, overhead expenses, traveling

33

expenses and labor costs. It was awarded $2,358.17, covering all said items except increased cost of brick. Claimant and the State both appeal.

The State is held liable for hindering and delaying the plaintiff three months in commencing the work, viz., from April 1 to July 1, 1917. It appears that the claimant could not go on in time with his work in 1916, after the State had signed the contract, because of weather conditions. The city was laying the mains in the street with the consent of the State Commissioner of Highways. And since the claimant was not permitted by defendant to proceed under its contract until July 1, 1917, the State is responsible for the delay to the extent not only of damages fairly within the contemplation of the parties, but of all damages which naturally flow from the breach. (*Niblo* v. *Binsse*, 1 Keyes, 476; *Del Genovese* v. *Third Ave. R. Co.*, 13 App. Div. 412; affd., 162 N. Y. 614; *Schunnemunk Construction Co.* v. *State*, 116 Misc. 770.)

*Belmar Contracting Co.* v. *State* (233 N. Y. 189), cited by defendant, is obviously not in point. In the instant case the State's liability as found accrued after the execution of the contract by both parties; the situation was otherwise in the *Belmar* case. The defendant cites two cases upon which it mainly relies, viz., *Connolly Co.* v. *State* (120 Misc. 854) and *Montgomery* v. *Mayor* (151 N. Y. 249). In the *Connolly* case unfinished work by the city was being carried on to the knowledge of claimant before his contract was signed by the State Commissioner. In fact, the claimant urged the Commissioner to sign with such knowledge. In our case the city by its resolutions promised to have its work finished before the contract with the claimant should be executed by the State. Furthermore, in the *Connolly* case the claimant consented to the granting of the permit to the city. The *Montgomery* case is not an authority for the State. It simply holds that a contractor has no cause of action against a city because an inspector (whose certificate of inspection and approval was necessary under the agreement of the parties) delayed work by rejecting materials. The appeal of the State in the instant case must fail.

We disagree with the court below in its finding that the delay beyond the spring of 1917 in beginning the work was due to claimant's failure to procure brick in the fall and winter of 1916, and that no allowance should be made to claimant for increased cost of brick. Under the testimony there seems to be no doubt that in the fall of 1916 and the winter of 1917 claimant could have procured sufficient brick at eighty cents per square yard delivered on the site; also, that because of the condition of the street during that

period the brick could not have been delivered and distributed along the street according to custom and in the interest of good business economy; but that claimant, if it had then bought the brick, would have been compelled to store and later draw them to the contract site, which would have cost more than for claimant to haul them itself from the brickyard later on. This seems to mean, and quite reasonably, that it would have cost plaintiff more to store the brick, then haul them later to the site, than to leave the brick with the seller and later haul them itself. This testimony is not essential to claimant's success as to the item of damages under consideration; but it furnishes explanation of claimant's conduct and manifests its reasonableness. There is no finding that a custom existed of distributing brick along the roadside; but we may take judicial notice that such distribution must necessarily have taken place sometime before the bricks were laid. Under the circumstances, how was claimant to know in the fall of 1916 whether or not to buy necessary brick against an uncertain future? Claimant could not have been expected to prognosticate future prices, nor the time when it could commence its work. So why should it have gone to the extra expense of accepting delivery elsewhere than on the site, storing and rehauling the brick later itself? It seems that the claimant did just what any common sense business man would have done. Why was the resultant loss from increased brick prices due at all to carelessness or dereliction on the part of claimant? Why was it not the direct, proximate result of the delay caused by defendant? To be sure, if the price had gone down sufficiently, claimant would have been the gainer. But the price went up and was up when claimant was permitted to use the brick and had to have them.

There is direct authority for our holding that the State is liable for this item of loss to the contractor. *Allamon* v. *City of Albany* (43 Barb. 33) states the correct rule, which has never been questioned, but often cited with approval, namely, the rule that a recovery may be had under such circumstances for increased cost of material. (*Bates & Rogers Const. Co.* v. *Board of Com'rs*, 274 Fed. 659, 661; *Sheldon Breck Const. Co.* v. *Regents of the University of Michigan,* Id. 985; 2 Sedg. Dam. [9th ed.] § 642; 3 Suth. Dam. [4th ed.] § 714.)

The same rule is also laid down in *Kelly* v. *U. S.* (31 U. S. C. C. 361). *United States Steel Co.* v. *Casey* (262 Fed. 889) and *Louisville & N. R. Co.* v. *Hollerbach* (105 Ind. 137) recognize the same general principle.

Findings of fact Nos. 24 and 25 should be disapproved and reversed, the former as incomplete and the latter as erroneous,

and a new finding should be made in lieu thereof. The conclusion of law is modified by adding $6,362.60 to the sum awarded.

HUBBS, P. J., CLARK, SEARS and CROUCH, JJ., concur.

Judgment modified by increasing the amount of the award to the sum of $8,720.77, and as so modified affirmed, with costs to claimant. Findings of fact Nos. 24 and 25 disapproved and reversed and a new finding of fact and conclusion of law made.