FRANK A. LOBEE and Another, Respondents, *v.* EDITH L. WILLIAMS Appellant.

Fourth Department, May 15, 1929.

*John L. Heider*, for the appellant.

*Charles H. Cutting*, for the respondents.

CROSBY, J.   The complaint alleges that one Mrs. Conners on February 21, 1925, gave a mortgage upon property then owned by her to one Marschner, who thereafter, and on March 5, 1925, assigned said mortgage to one Maisel; that Mrs. Conners, on May 4, 1925, deeded the property to plaintiffs, who, by the terms of the deed, assumed and agreed to pay said mortgage debt; that on September 16, 1925, plaintiffs conveyed the property to defendant who, by the terms of her deed, assumed and agreed to pay said debt; that thereafter defendant defaulted in the payment of the mortgage according to its terms, and that Maisel foreclosed the mortgage and obtained a judgment of foreclosure and sale; that the property sold for less than enough to pay said debt; and that on June 24, 1926, a deficiency judgment for $1,695.10 was recovered by Maisel against both the plaintiffs and the defendant; that on November 3, 1926, defendant procured from Maisel a satisfaction of the judgment as to herself only; and that on December 3, 1926, plaintiffs were compelled to pay to Maisel $450 in order to secure a satisfaction of the judgment as to them; and plaintiffs ask judgment against defendant for $450 plus $100 expenses incurred.

The answer alleges " that said deed from plaintiffs to defendant was never delivered to her and that the said clause in said deed whereby the defendant is alleged to have assumed and agreed to pay said bond and mortgage debt mentioned in the complaint, was inserted without the knowledge of the defendant, and was not at any time accepted or assented to by the defendant and the defendant was not aware of the existence of said assumption clause.   That defendant never assumed and agreed to pay said bond and mortgage debt and never authorized anyone to bind her in that respect," and demands that the complaint be dismissed.

The trial proceeded with a jury to the close of the plaintiffs' evidence, when, at the suggestion of the trial court, the parties stipulated to submit the case to the court without a jury. The jury was, therefore, discharged and the court made findings of fact and conclusions of law and granted judgment to the plaintiffs. This is an appeal from that judgment.

The plaintiffs swore three witnesses, one a clerk from the county clerk's office, who identified the judgment roll in the foreclosure action; one the plaintiff, Mr. Lobee, who testified that he paid $450 to Maisel to secure a satisfaction of the deficiency judgment; and one the plaintiffs' attorney who testified that he performed services for plaintiffs worth $100 in advising them through a supplementary proceeding and in securing for them a satisfaction of the deficiency judgment on payment of the $450.

Defendant made objection and took exceptions to all this evidence.

Defendant then took the stand and gave evidence fully supporting the allegations of her answer hereinbefore set forth. This evidence was entirely undisputed.

At the request of defendant, the court made the following findings, among others:

" *First.* That the defendant prior to the foreclosure action did not have any transactions with the plaintiffs herein, and that the deed purporting to have been given by plaintiffs to defendant, recorded in liber 1856 of Deeds at page 18, in Erie County Clerk's office, was never delivered to her.

" *Second.* That the said defendant prior to the foreclosure action had no knowledge of the existence of said deed and did not know the contents thereof.

" *Third.* That the said defendant prior to the foreclosure action had no knowledge of the clause in said deed whereby it is claimed she assumed and agreed to pay the mortgage therein referred to, and she never accepted or assented to same.

" *Fourth.* That defendant never assumed and agreed to pay said mortgage debt and never authorized anyone to bind her in that respect."

The sixth request of defendant was modified and found in the following form: " I find that the plaintiffs in this action, Frank A. Lobee and Abbie Lobee did not in said foreclosure action brought by Louis Maisel serve an answer on the defendant herein, Edith L. Williams, and did not in said action require a determination of the other rights of the plaintiffs and defendant herein as between themselves, *except as the judgment in the foreclosure action was a determination of the rights of the plaintiffs and the defendant herein as between themselves.*" (Italics mine.)

The theory upon which the learned trial court granted judgment to plaintiffs is indicated by the exception (in italics above) which the court attached to the last quoted request. This, also, was the theory upon which plaintiffs tried their case.

That this theory is correct may be seriously questioned. In support of that theory it may be urged that although the Maisel deficiency judgment did not, in so many words, adjudicate the rights of the plaintiffs and defendant *inter se*, still all the parties were in court and Maisel's judgment could not have been obtained against the defendant herein upon any other theory than that defendant, by an assumption clause in her deed, had become the primary debtor. It is, therefore, urged that the Maisel judgment, against both plaintiffs and defendant herein, is *res adjudicata* as between the plaintiffs on the one hand and the defendant on the other in the present suit. It is further urged that since, in the Maisel action, defendant might have urged the very defense she pleaded and proved in this action, she ought not to be permitted to raise a defense against the present plaintiffs that she did not raise against Maisel.

There is much force in these arguments. But both argument and authority can be urged to show that the Maisel judgment, which, by its terms, only adjudicated that both plaintiffs and defendant were indebted to Maisel, is not an adjudication that defendant is primarily liable and must protect plaintiffs from the results of the judgment. While that result is easily reached by inference, still *res adjudicata* is not a doctrine that ought to be invoked by inference. In a case somewhat similar to the instant case the Court of Appeals, in its opinion, said: " That the court had power to have determined the ultimate rights of the parties as between themselves is true; but where such are not material to the actual issues before the court, or to the relief to be administered, they must, at least, in some manner be brought to the notice of the court, and actually determined, or involved in the judgment rendered, before that judgment can operate upon them. The rule that a judgment is conclusive not only as to the questions litigated but those which might have been litigated, means such as were within the issues before the court and so might have been determined." (*Fairchild* v. *Lynch*, 99 N. Y. 359.)

In the Maisel action the plaintiffs herein could easily have served an answer upon their then codefendant (the present defendant) and asserted the primary liability of the defendant and had the matter determined in that action. The defendant in this action pleaded and proved by undisputed testimony a perfect defense (*Blass* v. *Terry*, 156 N. Y. 122, 126); and the trial court made find-

ings of fact accordingly; but the conclusions of law and the judgment are based upon the theory that the issue raised in the instant action was determined in the Maisel foreclosure action, although not pleaded and tried as between the parties in the present action. There are authorities which seem to dispute this theory.

" The plea of *res adjudicata* is not available to parties in an action, unless the judgment set up was rendered upon *issues between them.* There must have been a controversy between the parties, the questions in which were or might, *within the issues framed,* have been competently adjudged." (Italics mine.) (*Beveridge* v. *N. Y. Elev. R. R. Co.,* 112 N. Y. 1, 19.) "A judgment against a plaintiff in favor of a defendant determines nothing between the latter and a co-defendant, because, although both are parties to the action, they are not ' adversary parties,' as that phrase is applied to the subject of former adjudication. (Herman on Estoppel, § 138.)" (*Ostrander* v. *Hart,* 130 N. Y. 406.) "A judgment rendered in an action for or against the plaintiff therein is not *res adjudicata* of the matters determined, in favor of one defendant as against a codefendant, where the interests of the defendants were not joint, and no issue between them was tendered or litigated. Neither of such defendants is estopped from disputing the matter so determined as against the other." (*O'Connor* v. *N. Y. & Yonkers Land Co.,* 8 Misc. 243.) (See, also, *Mahoney* v. *Prendergast.* 35 N. Y. St. Repr. 197; *Denike* v. *Denike,* 44 App. Div. 621; *Woodgate* v. *Fleet,* 9 Abb. Pr. 222.)

However, regardless of the merits of the respective arguments upon the question whether or no the Maisel judgment is *res adjudicata* as between the parties to the present action, the judgment herein must be reversed for the following reason: The plaintiffs allege in their complaint that defendant paid a portion of the Maisel deficiency judgment and secured a satisfaction of the same as to her thirty days before the plaintiffs " were compelled to and did pay " the judgment. Having made that allegation it is a fair inference that plaintiffs want to be understood as alleging that, at the time they paid the judgment, they knew that defendant had paid a portion of the judgment and secured a discharge thereof as to her. It is clear that when plaintiffs took a deed and, by the terms thereof, assumed and agreed to pay a prior mortgage indebtedness which was a lien on the premises, and then defendant took from plaintiffs a deed containing a like assumption clause, defendant became thereby the primary debtor, and plaintiffs stood in the relation of surety. And when the creditor (Maisel) released the primary debtor, that had the effect of discharging the surety's liability. (*Spencer* v. *Spencer,* 95 N. Y. 353; *Murray* v. *Marshall,*

94 id. 611; *Calvo* v. *Davies*, 73 id. 211; *Germania Life Ins. Co.* v. *Casey, No. 1*, 98 App. Div. 88.) And if plaintiffs paid a debt to Maisel knowing, or having reason to know, that defendant, for whom they were merely surety, had already secured their release from the debt, they cannot ask defendant to reimburse them for money thus voluntarily paid. It would be different had plaintiffs paid the judgment innocent of knowledge or means of knowing that defendant had already secured their release. (*Hyde* v. *Miller*, 45 App. Div. 396; affd., 168 N. Y. 590.) But, having themselves alleged the performance by defendant of an act that secured their entire release from the Maisel judgment, plaintiffs should at least have alleged and proved that they paid the judgment without knowledge of the release.

The reasons last herein stated, without reference to the nice question whether or not the Maisel judgment is *res adjudicala* herein, are sufficient to call for a reversal of the judgment herein.

The judgment should be reversed upon the law and a new trial ordered, with costs to the appellant to abide the event.

All concur (TAYLOR, J., in result, in a separate opinion). Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

TAYLOR, J. (concurring in result). *Hyde* v. *Miller* (45 App. Div. 396; affd., 168 N. Y. 590) involved the foreclosure of a real estate mortgage. The mortgagor and two intermediate grantees and an ultimate grantee were made parties defendant. Each grantee had assumed and agreed to pay the mortgage. The plaintiff stipulated with the two intermediate grantees (Miller and Oldfield) that he would not enter a deficiency judgment against them. The mortgagor, against whom a deficiency judgment was entered, paid it in ignorance of the stipulation. In the Appellate Division opinion the court discusses the rights of sureties as against their principals and creditors of both, when the obligation of the surety is changed without his consent through an arrangement between the creditor and the principal. But the only thing decided in that case was that when a creditor — not finally releasing nor discharging the principal debtor from any obligation — makes an agreement with the principal not to enter a judgment against him, not to take immediate steps to fasten liability upon him — the surety who pays in ignorance of the agreement may still recover the amount paid from his principal. This is the decision made and nothing more. Its reasonableness is apparent under well-known principles applicable to suretyship.

But the instant case presents a different situation, in which, however, the rights of the parties cannot now be conclusively or

satisfactorily determined on account of the indefiniteness of the complaint. If defendant Williams, the ultimate grantee (and the principal debtor here), paid the plaintiff in the foreclosure action only a part of the deficiency judgment entered against both himself and his sureties (plaintiffs Lobee in this action) and obtained nothing more than a receipt on account, or some document reserving the creditor's rights to collect the balance from the sureties, the Lobees might recover from defendant Williams (the principal debtor) the amount they afterwards paid to plaintiff Maisel on the deficiency judgment. This proposition requires no sustaining argument. However — as plaintiffs' complaint seems to indicate, although not with definiteness — if on payment by Williams of a part of the deficiency judgment, Maisel gave Williams a document entirely releasing and satisfying his claim in full for the deficiency, no debt remained owing to Maisel by Williams or by his sureties, the plaintiffs Lobee. And this being so, the principal debtor would have no claim left against his sureties nor *vice versa*. This action would then not be maintainable; for a surety, being secondarily liable, who pays the debt without first ascertaining that his principal has not paid it, does so at his peril. But the Lobees would have a remedy. For the creditor having formally acknowledged to the principal complete satisfaction of the debt due from him, if thereafter the sureties, in ignorance of the facts, paid to the creditor money to apply on the deficiency judgment, the sureties can recover that money back in an action against the creditor. For they would not be volunteers, but would have paid in ignorance of the true situation, and the creditor, in receiving the money from them, would have been defrauding them.

The judgment should be reversed on the law and a new trial granted, with costs to abide the event. And the interest of clarity and justice would be promoted if plaintiffs' complaint were so amended as to state clearly the claimed facts as to the prior business transactions among the parties.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.