ADDIE SECOR, Plaintiff, v. SAMUEL LEVINE, Appellant, and JULIUS WATSKY, Respondent.— In an action to recover damages for injuries alleged to have resulted from falling on icy porch steps, order dismissing the cross complaint of defendant property owner against defendant construction contractor, and the judgment entered thereon, affirmed, with $10 costs and disbursements. Plaintiff brought the action against the owner of the property and against the contractor, whose negligence in the construction of the roof and gutter over the steps was alleged to have caused the leaking of the water which formed the ice upon the steps. Defendant owner served a cross complaint, under section 264 of the Civil Practice Act, against the defendant contractor based upon the same alleged negligent construction. Heretofore, upon motion by the defendant contractor, the plaintiff's complaint was dismissed as against him. (271 App. Div. 893, affd. 296 N. Y. 1020.) The defendant contractor moved to dismiss the cross complaint upon two grounds: First, that it failed to set forth sufficient facts to constitute a cross complaint against him; and second, that the cross complaint was not maintainable for the reason that the plaintiff's complaint had been so dismissed. The order appealed from grants the motion to dismiss upon the second stated ground and denies the motion in other respects. We are of opinion that the motion should have been granted upon the first stated ground. Dismissal of the complaint as against one defendant determines nothing as between that defendant and a codefendant, and does not preclude the enforcement of a claim alleged by cross complaint. (*Ostrander* v. *Hart*, 130 N. Y. 406, 412; *Lobee* v. *Williams*, 226 App. Div. 211, 215; *Hewlett* v. *Van Voorhis*, 196 App. Div. 322, 329–330.) The cross complaint alleges that the work alleged to have been negligently done by defendant contractor was performed five months prior to the alleged accident and was then accepted and paid for by the defendant owner, and does not allege that it resulted in a hidden defect unknown to defendant owner. Concededly the property was in the control of the defendant

owner from the completion of the work until the time of the accident. The gravamen of plaintiff's complaint is that defendant owner negligently permitted ice to remain upon a common way in his control. Defendant contractor, who was not in control and for five months had had no right of entry, could not be held liable to the defendant owner for all or part of that claim. (*Relyea* v. *City of New York*, 249 App. Div. 649; *Mayor of Albany* v. *Cunliff*, 2 N. Y. 165, 180–181.) Were it to be found that the defective work of defendant contractor caused the leak of water which formed the ice, the defendant owner owed to plaintiff a duty at least as great as defendant contractor, and a cross complaint cannot be sustained in favor of one joint tort-feasor against another *in pari delicto*. (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305; *Larkin Co.* v. *Terminal Warehouse Co.*, 161 App. Div. 262, affd. 221 N. Y. 707.) For the reasons stated the determination that the cross complaint should be dismissed is sustained. (*Ward* v. *Hasbrouck*, 169 N. Y. 407; *Erie Railroad Co.* v. *International Railway Co.*, 209 App. Div. 380, affd. 239 N. Y. 598; *Wenner* v. *Prudential Ins. Co. of America*, 246 App. Div. 613, affd. 271 N. Y. 572.) Carswell, Acting P. J., Johnston, Adel and Sneed, JJ., concur; Wenzel, J., dissents and votes to reverse the order and judgment and to deny the motion, with the following memorandum: This was an action in which the negligence alleged in the complaint was defective construction and negligent maintenance of a roof and its gutters. The complaint charges defendant Watsky, a roofing contractor, with creating the dangerous condition, and defendant Levine, plaintiff's landlord, with maintaining the condition thus created. As to the defendant Levine, the complaint charges, also, negligence for the failure to remove ice which formed on the outside steps from water leaking from the alleged defective leaders and gutters. There is no allegation of notice to the landlord of the icy condition and we must presume that the plaintiff relies upon the statutory provisions of the Multiple Dwelling Law charging the landlord with the duty of keeping the common steps and hallways in reasonably safe condition. While this alleged defective construction is not what might ordinarily be called a latent or hidden defect, it is not such a condition as could be readily disclosed by an examination of the work done by the roofing contractor. It was done in places not ordinarily accessible to the landlord, who is hardly in a position to inspect the completed work and must rely upon the presumption that the contract was properly performed. The contractor, therefore, is the party who should ultimately be answerable for the wrong and, if the proof establishes his negligence, he is bound to indemnify the owner. (*Malony* v. *Brady*, 18 N. Y. S. 757 [Ct. of Common Pleas — not officially published]; *Munk* v. *Maryland Casualty Co.*, 116 App. Div. 756, 757, 758.)