COMMONWEALTH *vs.* ALBERT FLAX.

Suffolk.　　January 18, 20, 1927. — April 5, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Motor Vehicle,* Operation, Traffic regulations. *Evidence,* Presumptions and burden of proof. *Way,* Public: traffic regulations. *Boston. Taxicab.*

Under art. 4, § 12, of street traffic regulations and rules for driving, adopted by the street commissioners of Boston under authority of St. 1908, c. 447, § 1, a vehicle lawfully could be left standing in an "unrestricted street" "except as otherwise provided" in the regulations for one hour between 1 A.M. and 6 P.M. Art. 1, § 8, provided: "Police officers may divert vehicular or pedestrian traffic when necessary to avoid congestion or to promote safety and convenience; and no person having charge of a vehicle shall refuse or neglect to stop or place the same as directed by a police officer." One in charge of a taxicab, whose vehicle had been standing in an "unrestricted street" for less than an hour between 1 A.M. and 6 P.M., refused to obey an order by a police officer, given in the performance of his regular police duty, to cross the street to a regular cab stand. Although there was considerable travel on the street at the time, there was no congestion and the "safety and con-

venience of the public was not interfered with by cars on either side of the street." At the trial of a complaint for violation of the regulation, the judge limited the authority of the police officer to action by him in good faith. There was a verdict of guilty. *Held,* that

(1) The defendant was bound to obedience of the rules, which, in terms, included compliance with the directions of police officers whose duty it was to see to the administration of the regulations;

(2) A verdict for the defendant could not properly have been ordered;

(3) Art. 1, § 8, of the regulations was applicable to the "unrestricted street" and the defendant had no right there to disobey the order of the police officer;

(4) The mere fact that art. 1 of the regulations was entitled "Vehicles in Motion" did not restrict the application of § 8 of that article to such vehicles, the words of the section being not doubtful nor ambiguous, and its object manifestly being to direct the placement of vehicles upon a public way whether they were stationary or in motion;

(5) Instructions to the jury requiring the Commonwealth to prove beyond a reasonable doubt that the officer was acting in "good faith," and that "it was necessary to move . . . [the defendant's] vehicle to avoid congestion or to promote safety and convenience" were too favorable to the defendant.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on August 16, 1926, charging that on August 14, 1926, the defendant "was the person having the charge of a certain vehicle, to wit, an automobile, which said vehicle was then and there stopped in a certain public street of said city, within said district, called Canal Street; that he said [police officer] Wilson was then and there a police officer of said city, legally authorized and duly qualified to discharge and perform the duties of such officer, and then and there, while in the lawful and proper discharge of his duties as such officer, and in the presence and hearing of said Wilson, did direct the said Flax forthwith to place said vehicle in a part of said Canal Street other than the part of said street in which said vehicle was then and there standing and the said Flax, then and there well knowing the said Wilson to be a police officer of said city, in the lawful and proper discharge of his duties as such officer in giving said direction to him said Flax, and then and there hearing and understanding the same, did then and there refuse and neglect forthwith to place said vehicle as directed by said Wilson as aforesaid."

On appeal the complainant was tried in the Superior Court before *Avery,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485; 1926, c. 285. Material facts are stated in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. On all the evidence your verdict should be not guilty."

"4. Canal Street is not a restricted street and under § 12 of art. 4 of street traffic regulations of the city of Boston, a vehicle can lawfully be left standing in that street one hour between the hours of 1 A.M. and 6 P.M., and outside of that time for an unlimited time. The defendant had a right to stand his auto where it was standing in Canal Street.

"5. Section 8 of art. 1 of the street traffic regulations, the title to which is 'vehicles in motion' applies to vehicles in motion and if the vehicle of the defendant was standing at the time of the officer giving the alleged direction, the police officer was acting without authority and if you so find you will find the defendant not guilty.

"6. The taxicab of the defendant has the same right upon the street as any other automobile when not waiting for passengers."

"8. The defendant was within his rights when he stopped his vehicle on the street, and if the police officer directed him to move from his stopping place or directed him to drive away, the police officer was acting without authority and the defendant committed no offense in refusing to move, and your verdict should be not guilty.

"9. The person in charge of a taxicab lawfully standing at the curb in an unrestricted street is not obliged to move the cab merely because a police officer directs him to move it."

The rulings were refused, except that the sixth was given with the modification stated in the opinion.

The defendant was found guilty, and alleged exceptions.

*J. F. Cavanagh,* for the defendant, submitted a brief.

*D. J. Lyne,* Assistant District Attorney, for the Commonwealth.

PIERCE, J. The defendant was before the Superior Court on appeal from a finding of guilty in the Municipal Court

of the City of Boston, on a complaint alleging in substance the violation of certain street traffic regulations of the board of street commissioners, to wit, refusing to place an automobile as directed by a police officer. He was also found guilty in the Superior Court, and the case is here on exceptions taken to the refusal of the trial judge to grant certain requests for rulings.

St. 1908, c. 447, § 1, authorizes the street commissioners "to pass" regulations relative to street traffic in the city of Boston and to prescribe certain penalites for the breach thereof. The statute in terms provides that "Said commissioners are hereby authorized, after giving an advertised public hearing thereon, to pass, and to amend or change from time to time, all regulations for such purpose, not inconsistent with law, which they shall deem needful to prevent the congestion and delay of traffic, and for other purposes." In pursuance of the authority conferred by said statute the board of street commissioners on December 1, 1925, adopted street traffic regulations and rules for driving, and ordered that "Said regulations and rules for driving shall be observed by drivers of vehicles, who shall comply with all orders by voice, hand or whistle from the police, or as indicated by official traffic devices, as to stopping, starting, slowing, approaching or departing from any place, the manner of taking on or letting off passengers and the loading and unloading of merchandise." The regulations define a "vehicle" as "any contrivance on wheels or runners used in the roadways of public streets for carrying persons or things." Article 1 of the regulations (entitled "Vehicles in Motion") provides in § 8 that "Police officers may divert vehicular or pedestrian traffic when necessary to avoid congestion or to promote safety and convenience; and no person having charge of a vehicle shall refuse or neglect to stop or place the same as directed by a police officer."

The defendant at the time of his arrest was in charge of a taxicab, duly registered with the Commonwealth of Massachusetts, and duly licensed as a hackney carriage under the regulations of the police commissioner of the city of Boston. The place and the circumstances attendant upon

his arrest, as described in the bill of exceptions, are, in substance, as follows: There was a public stand on the north side of Canal Street in Boston; on the south side of the street, opposite this stand, were four taxicabs. Canal Street is an "unrestricted street" and, "except as otherwise provided" in the regulations, a vehicle can be left standing lawfully in that street one hour between one o'clock in the morning and six o'clock at night. § 12, art. 4. The defendant's automobile had been standing on the south side of the street for less than one hour. There were a number of private automobiles on the public stand. A police officer, in the performance of his regular police duty, directed the drivers of the four cabs, including the defendant, to go over to the public stand on the opposite side of the street. Three of the cabs were moved as directed, and there was evidence that there was "still room for the defendant to go there" without parking in front of a hydrant, which the defendant contended was the only free space. Although there was considerable travel on the street at the time, there was no congestion and the "safety and convenience of the public was not interfered with by those cars on either side of the street." When requested to move to the public stand the defendant said, "There are a number of private cars on that stand and if you move them I will go over there." The officer answered, "I don't have to move them. . . . I don't have to make any room for you, and I am not taking any orders from you. If you don't move it right away, I will arrest you." Whereupon the officer placed the defendant under arrest.

The defendant requested the judge to rule, "On all the evidence your verdict should be not guilty." His contentions in support of his request are (1) that a police officer may direct vehicular or pedestrian traffic when and only when it is necessary to avoid congestion or promote safety and convenience; (2) that there was no congestion at the place and the safety and convenience of the public were not interfered with on the admission of the Commonwealth; and (3) that the question whether there was or was not room for the defendant's cab on the public stand across the street was immaterial in this case.

The refusal to direct a verdict of not guilty on the undisputed facts was right. The enforcement of rules regulating street traffic would be attended with difficulties amounting to nullification if the police officer having their enforcement in charge before action had to determine with accuracy whether the position of a vehicle on the public street, if permitted to continue, would create a congestion of traffic or would otherwise interfere with the safety and convenience of travelers in the use of that street. Pedestrians and drivers of vehicles are bound to obedience of the rules, which, in terms, include compliance with the directions of police officers whose duty it is to see to the administration of the regulations.

The limitation of the authority of the police officer in this regard in the case at bar was made a question of good faith by the trial judge, and the jury were instructed as follows: "Now, that is all, Mr. Foreman and gentlemen, there is to this case. Was the officer acting in good faith? Did he really feel that to permit this taxicab to remain where it was would result in a congestion of traffic, would result in inconvenience to traffic on the way either at that particular time or in the future. I think that is the real question for you to pass upon . . . . Was the officer there exercising sound judgment and discretion when he directed this defendant to remove his taxicab over to the stand, to the stand provided for it?" No exception in terms was taken to any specific part of the charge or to the submission to the jury of the issue of fact above outlined.

Request numbered 4 was refused rightly. The regulation under consideration was applicable to all streets whether they were or were not restricted in the hours of parking, and the rules do not distinguish between the varieties of automobile vehicles. Request numbered 5, in substance that § 8, *supra*, covers only vehicles in motion and that the officer was acting without authority, rests upon the contention that § 8, art. 1, of the rule is not applicable to standing vehicles because article 1 is entitled "Vehicles in Motion." The request was denied rightly. The title of an act, ordinance or regulation generally does not control the words of that

enactment unless they are doubtful or ambiguous.   *Field* v. *Gooding,* 106 Mass. 310, 313.   *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway,* 187 Mass. 500, 505.   Cases may occur, however, in which the title becomes important as a declaration of the object of the act, ordinance or regulation. *Proprietors of Mills* v. *Randolph,* 157 Mass. 345, 350.   *Wheelwright* v. *Tax Commissioner,* 235 Mass. 584, 586.   In the case at bar the words of § 8 are not doubtful or ambiguous, and the object of the regulation manifestly is to direct the placement of vehicles upon a public way whether they are stationary or in motion.

Request numbered 6 was given, in terms, with the addition that "a hackney driver must comply with the provisions of his license; and not only that, but he must comply the same as any other individual operating an automobile, with the request of the police officer who may be in charge of that particular district."   No exception was saved to the part of the charge that dealt with the duty of a hackney driver to comply with the provisions of his license.   In this connection the judge, in accord with the seventh request, instructed the jury: "The defendant had a right to stand his auto on the street where he had it when approached by the police officer and to convict him of the offence charged the Commonwealth must prove beyond a reasonable doubt that it was necessary to move his vehicle to avoid congestion or to promote safety and convenience; that the officer directed him to move because it was necessary to avoid congestion or to promote safety and convenience and that he refused or neglected to do so."

Requests numbered 8 and 9 were refused rightly; they were involved in the request to direct a verdict.

As statements of law governing this sort of complaint, the instructions were too favorable to the defendant in that the Commonwealth was not bound to prove beyond a reasonable doubt that the officer was acting in "good faith" or that "it was necessary to move his vehicle to avoid congestion or to promote safety and convenience."

*Exceptions overruled.*