TERRELL M. RAGAN *vs.* JOHN E. DYER.

Suffolk.    July 1, 1930. — September 11, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Contract*, Performance and breach, Rescission. *Practice, Civil*, Special question to jury.

At the trial of an action against a building contractor upon a contract in writing for the building of a dwelling house for a certain sum, the defendant contended that the contract was not valid and also that, even if valid, he was excused from performance. There was evidence that, about an hour after the defendant had signed the contract, the plaintiff said to him that he had spent practically all his money in the purchase of the land, and that he could not go on with the contract unless the defendant would enter into a false and fictitious agreement

to build the house for $10,000 more than the contract signed called for to enable the plaintiff to raise a larger loan on the property than he could otherwise obtain; that the defendant immediately informed the plaintiff, in substance, that he could not be a party to any such agreement; that the plaintiff replied, "You will have to." The plaintiff moved that a verdict be ordered in his favor on the question of liability. The motion was denied. The judge submitted to the jury the question, "Was the defendant excused from performance on his part by the plaintiff's informing him in substance that the plaintiff either would not or could not pay for the house unless the defendant should sign a fictitious agreement to build the house for a sum larger than the real contract price?" The jury answered the question in the affirmative and found for the defendant. The plaintiff alleged exceptions. *Held*, that

(1) In view of the answer to the special question, it was unnecessary to decide whether a valid contract was entered into between the parties;

(2) If the evidence above described was believed by the jury, the defendant was excused from performance: he could treat the contract as rescinded and at an end;

(3) The motion that a verdict be ordered for the plaintiff on the question of liability properly was denied;

(4) In the circumstances, exceptions relating to the question of the validity of the contract were immaterial.

CONTRACT for breach of the contract in writing described in the opinion. Writ dated June 7, 1928.

In the Superior Court, the action was tried before *Qua*, J. Material evidence is stated in the opinion. The eleventh and twelfth requests for rulings of the plaintiff, referred to in the opinion, were as follows:

"11. The signing of the contract (Exhibit 1) by the defendant, and the delivery to and the acceptance of it by the plaintiff, constituted a binding obligation upon the defendant, even though the instrument was not signed by the plaintiff until a later time.

"12. To render Exhibit 1 a binding contract upon the defendant it was sufficient that it be signed by the defendant and delivered to and accepted by the plaintiff, regardless of whether or not the plaintiff signed it."

The jury answered the special questions submitted to them as stated in the opinion and found generally for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*E. L. Logan, C. A. McCarron, & H. K. Osgood,* for the plaintiff.

*F. M. Carroll,* for the defendant.

CROSBY, J. This is an action of contract to recover damages for the alleged breach of a written agreement on the part of the defendant to build a dwelling house for the plaintiff for the sum of $24,750.

The plaintiff testified that the defendant, accompanied by one Drummey, an architect, went to the plaintiff's office and two copies of the agreement were produced, one being Exhibit 1, the other Exhibit 4; that the plaintiff signed Exhibit 4 "Terrell M. Ragan." At the time of the trial there appeared on Exhibit 4 in typewriting immediately before the plaintiff's signature the following, "Mrs. Margaret Ragan owner by." The plaintiff testified that when he signed the agreement the words last quoted were not on the agreement; that he gave this copy to the defendant, and at the same time the defendant signed the other copy, Exhibit 1, which now also bears the signature of the plaintiff, but there was no evidence to show that at that time it was signed by the plaintiff. The plaintiff testified that when he signed the copy delivered to the defendant it was not signed by him in behalf of his wife, but was signed by him individually; that one copy of the agreement, Exhibit 4, was signed by him and delivered to the defendant and that the other copy, Exhibit 1, was signed by the defendant and retained by the plaintiff.

The defendant testified that he signed Exhibit 1 in the office of the architect before he went to the plaintiff's office, and left it with the architect to deliver to the plaintiff; that at the same time the architect gave him the copy, Exhibit 4, which he testified was signed as it appeared at the trial with the typewriting on it, "Mrs. Margaret Ragan owner by Terrell M. Ragan"; that he then went to Ragan's office but did not sign any agreement there.

It is the contention of the defendant that if he ever entered into a valid contract with the plaintiff, which he denies, he was excused from performance on the ground that, about an hour after he had signed the contract and

when he was about to leave the plaintiff's office, the plaintiff said to him, in substance, in the presence of the architect, that he had spent practically all his money in the purchase of the land, and that he could not go on with the contract unless the defendant would enter into a false and fictitious agreement to build the house for $35,000 to enable the plaintiff to raise a larger loan on the property than he could otherwise obtain. The defendant testified that he immediately informed the plaintiff, in substance, that he could not be a party to any such agreement; that the plaintiff replied, "You will have to; I want to get around $25,000. I have got to get around your contract price." The defendant further testified that he told the plaintiff he would not enter into any such contract. The plaintiff denied that he had requested the defendant to make a fictitious contract as testified to by the defendant.

At the conclusion of the testimony the trial judge submitted the following questions to the jury: (1) "Did the parties make the written contract declared upon in the plaintiff's declaration?" and (2) "Was the defendant excused from performance on his part by the plaintiff's informing him in substance that the plaintiff either would not or could not pay for the house unless the defendant should sign a fictitious agreement to build the house for a sum larger than the real contract price?"

The answer to the first question was "No." To the second question the answer was "Yes." In view of the answer to the second question it is unnecessary to decide whether a valid contract was entered into by the parties. If, as the jury could have found, the plaintiff refused to carry out the agreement unless the defendant would enter into a fraudulent contract as testified to by the defendant, the jury would have been justified in finding that the defendant was excused from performance. He could treat the contract as rescinded and at an end. *Ballou* v. *Billings*, 136 Mass. 307. *Director General of Railroads* v. *Peoples Express, Inc.* 235 Mass. 199, 208. *Cohen* v. *Wintman*, 236 Mass. 471, 472. *Harvey* v. *Crooker*, 267 Mass. 279, 284, 285.

The plaintiff's first exception to the refusal to grant his

motion for a directed verdict in his favor, leaving only the question of damages for consideration by the jury, must be overruled.   In view of the answer to the second question the motion could not properly have been granted.   Whether the first question was rightly submitted to the jury need not be considered for reasons already stated.   The second question related to a material issue in the case; accordingly the exception to its submission to the jury cannot be sustained.   The exceptions to the refusal to give the plaintiff's eleventh and twelfth requests show no error.   If it be assumed that there was a valid contract between the parties, the plaintiff is precluded from recovery by reason of the finding of the jury that the defendant was excused from performance for the reasons stated in the second question.   There is nothing in the cases cited by the plaintiff at variance with what is here decided.

As we find no reversible error in the conduct of the trial, the entry must be

*Exceptions overruled.*