BAY STATE DREDGING & CONTRACTING CO. *vs.* SOUTH ESSEX SEWERAGE DISTRICT.

Suffolk.    November 10, 1931. — May 19, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, Construction, Building contract.    *Words*, "Alterations."

A contract for the construction of a sewer provided that the owner's engineer might "make alterations in the line, grade, plan, form, dimensions or materials of the work, or any part thereof, either before or after the commencement of construction," and that if "such alterations diminish the quantity included in any item of work to be done and paid for at a unit price, the contractor shall have no claim for damages or for anticipated profits on the work that thus may be dispensed with." When about five sixths of the sewer was completed, the engineer with the approval of the owner altered the location of the remainder to avoid the expense of excavating a substantial quantity of rock which lay upon the original line specified by the plans. Such alteration involved merely a small part of the whole work contemplated by the contract and one only of the various materials to be excavated. In an action by the contractor against the owner for the profit which he would have realized if no alteration had been made, it was *held*, that

(1) The alteration did not change the substance and extent of the contract, and was within the powers of the engineer under the provisions above quoted;

(2) The plaintiff could not recover such profit.

CONTRACT. Writ dated October 2, 1928.

In the Superior Court, the action was referred to an auditor, and thereafter was tried before *Greenhalge*, J. Material evidence is stated in the opinion. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $21,423.36 was recorded. Thereafter the judge ordered entered a verdict for the defendant. The plaintiff alleged exceptions.

*G. B. Searls*, (*G. H. Brown* with him,) for the plaintiff.

*G. C. Richards*, for the defendant.

PIERCE, J. This is an action of contract in two counts. The second count was waived. The first count in substance alleged that on September 21, 1926, the plaintiff entered into an agreement with the defendant, by the South Essex Sewerage Board (created and authorized by St. 1925, c. 339, and hereinafter called the board), by the terms of which the plaintiff was to build a submarine sewer for the defendant according to certain plans and specifications and "was to be paid for the different classes of work involved in such construction at certain rates specified in said agreement"; that the defendant "unreasonably and unjustifiably ordered the plaintiff to desist from constructing the said sewer according to said plans and specifications and unreasonably and unjustifiably ordered the plaintiff to construct a sewer on a line not included in or described in or referred to in said plans and specifications"; that by reason of alteration from the line described in the agreement the defendant was saved a large sum of money and the plaintiff suffered great loss, in that it did not receive the profits it would have received had the work proceeded according to the agreement. The answer of the defendant in substance is a general denial, payment, and the further answer "that the plaintiff did construct said sewer under the terms of said agreement, and the defendant did not refuse to allow the plaintiff to complete said sewer under said agreement

nor order the plaintiff to desist from such construction, and such changes as were made in the line of said sewer were made by the engineer under the provisions of art. 16 of said agreement, and that such changes were in no way unreasonable and were entirely covered by the terms of the agreement, and that there was no abandonment or violation of the agreement by the defendant."

The case was tried before a judge of the Superior Court with a jury after a reference to and a report by an auditor. The bill of exceptions contains all the material evidence. The defendant duly filed a motion that a verdict be directed for the defendant. The judge reserved his ruling on this motion. When the jury returned, the judge reserved leave to enter a verdict with the consent of the jury, in accordance with G. L. c. 231, § 120. The jury returned a verdict for the plaintiff. The defendant filed a motion to enter a verdict for the defendant in accordance with the leave reserved. This motion was allowed.

At the argument before this court the plaintiff conceded that the work as relocated was within the contract, if the defendant under the terms of the agreement had the lawful power to alter the original line of the sewer. As bearing upon this issue the jury could reasonably find on the report of the auditor, as well as from the reported testimony, the following facts: The plaintiff seasonably proceeded to perform the work required by the contract and in the early part of 1928 construction had reached a point in the neighborhood of Great Haste Island in Salem Harbor, the portion of the outfall sewer at that time completed being about five sixths of the entire length of the outfall sewer contemplated by the contract. At this point the chief engineer of the defendant, acting under the supposed authority of art. 16 of the contract, hereinafter quoted in full, altered the location of the outer end of the line of the outfall sewer (some sixteen hundred feet) by moving said line from thirty-five to fifty feet to the north of the location shown on the plans. The defendant, accordingly, directed that the location of the outer end of the sewer should be changed from the location as shown on the original plan to

the new location as indicated by the most northerly line bored in the spring of 1928. This new line was practically parallel with and distant about fifty feet from the original contract line and was substantially the same length as the original contract line. The purpose of the defendant in making this change was to avoid the substantial expense attendant upon the excavation of a very considerable amount of rock or ledge which lay on the original line as shown upon the plans.

Upon being notified of this change the plaintiff complained to the chairman of the board of the defendant that because it was not to be allowed to construct the entire sewer along the line shown on the original plans it would lose the opportunity to excavate a very substantial quantity of rock in excess of the quantity it was required to excavate on the new line as actually constructed, and would be deprived of the profit it would make if it were permitted to complete the construction of the outfall sewer along the original line as shown on the plan. As respects this complaint, it appears from the report and from the evidence, and the jury could find, that representatives of the plaintiff and defendant on March 23 and 28, 1928, had conferences at which the chairman of the board of the defendant stated that he did not recognize the plaintiff's claim, but further stated: "You go ahead and finish the work and you can sue for the claim if you want to. Your rights are all saved"; and that "the defendant did not wish to deprive the plaintiff of any rights it had." The findings and evidence show that the plaintiff thereupon proceeded with the work along the new line, pursuant to the terms of the original contract, and on July 15, 1928, completed the work to be done under the terms of the contract. It is shown by the report, and the jury could find, in point of fact the plaintiff does not contend otherwise, that it has been paid for all the work it has actually performed in the construction of the sewer as relocated on the new line. Respecting the amount of rock which was required to be removed under the original location of the line, the jury could reasonably find upon the report and upon testimony

at the trial that it was substantially three thousand, three hundred seventy-five cubic yards; and on said report and evidence they would have been warranted in finding. an anticipated profit to the plaintiff of $23,157. They in fact found an anticipated profit of $18,765, and returned a verdict for that sum and interest.

Upon the order and the entry of the verdict for the defendant, it is clear that the only issue is one of law and not of fact. That issue involves the interpretation of art. 16 of the contract, which is entitled "Alterations," and reads as follows: "The Engineer may make alterations in the line, grade, plan, form, dimensions or materials of the work, or any part thereof, either before or after the commencement of construction; subject to the provisions of section 4 of chapter 339 of the Acts of 1925, requiring the approval of plans for the construction of sewers or other work by the Department of Public Health. If such alterations diminish the quantity included in any item of work to be done and paid for at a unit price, the Contractor shall have no claim for damages or for anticipated profits on the work that thus may be dispensed with. If they increase the quantity included in any such item, such increase shall be paid for at the stipulated price."

Upon the facts disclosed by the evidence that the contract was one to construct a sewer of a certain kind, length and size, in a trench, which has been done, and is not a contract to remove any particular amount or kind of material; that the alteration does not modify the main purpose or understanding of the contract — indeed, it is but a part of a minor item in a small part of the underwater sewer and a small part of the whole work to be done under the contract; that the change involves only quantity of one kind of material to be excavated — ledge rock — but no change in the character or extent of the contract, the defendant contends that by the precise and exact terms of art. 16 of the contract the plaintiff, as matter of law, is definitely precluded from any right to have damages for loss of anticipated profits, and relies upon *Dahlstrom Metallic Door Co.* v. *Evatt Construction Co.* 256 Mass. 404. The

plaintiff contends that "The power given the engineer of the defendant by art. 16 of the contract extended only to such changes as were reasonably incidental to the completion of the work as originally contemplated by the parties, and which did not change the work to any substantial extent," citing *Gaffey* v. *United Shoe Machinery Co.* 202 Mass. 48, 53, wherein the court said: "The power to change the grade did not include the power to change it so as to abrogate the contract, but was intended to give the defendant authority to make such reasonable changes during the progress of the work as would render the removal of the ledge when completed more satisfactory to it." This case held that the change of grade altered the main purpose of the contract. The plaintiff also relies upon *Morse* v. *Boston,* 253 Mass. 247.

Upon the facts here disclosed we are of opinion that, as matter of law, the alteration did not change or modify the contract "so as in substance and effect to be made new and different in main aspects" as the word "alteration" is defined in *Morse* v. *Boston,* 253 Mass. 247, 253; and that the engineer had the right under art. 16 to change the line of sewer in the manner it was directed to be changed. Consequently, the ordered entry of a verdict for the defendant was right.

*Exceptions overruled.*
*Judgment for the defendant on*
*the verdict.*