CHARLES I. HOSMER, INC. *vs.* COMMONWEALTH.

Suffolk. December 8, 1938. — March 6, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Contract*, Construction, Building contract, Performance and breach. *Pleading, Civil*, Character of pleading, Petition against Commonwealth, Answer. *Evidence*, Presumptions and burden of proof. *Words*, "Suspension."

Upon a report to this court, a petition against the Commonwealth under G. L. (Ter. Ed.) c. 258 seeking damages resulting from delays in the performance of a construction contract between the petitioner and the respondent caused by the respondent's officers was regarded as

setting forth a claim at law, and a pleading by the respondent entitled a "plea" and averring that the petitioner's claim was barred by provisions of the contract was treated as an answer in accordance with its plain terms and true nature, with the burden on the petitioner to show that his claim was not so barred.

Where a provision of a construction contract with the Commonwealth, although entitled "Delay in Commencing Work," provided not only that the contractor should "have no claim for damages on account of such delay" but also should "have no claim for damages on account of any delay on the part of the department [of public works] in performing or furnishing any work or materials to be performed or furnished by the department in connection with the execution of the work covered by the contract," and another provision of the contract was that the contract price should be compensation for "all expenses incurred by or in consequence of the suspension or discontinuance of the work," the contractor had no standing to claim damages for delays caused by the department during the progress of the work: a characterization of such delays as having been caused by action of the department which was negligent, unreasonable, or due to indecision, but not charging bad faith or conduct tantamount to legal fraud, did not help the contractor.

PETITION, filed in the Superior Court on March 9, 1938.

To the petition was annexed the contract relied on, but no part of the specifications which by its provisions were specifically made a part of the contract. The so called "plea" by the respondent averred, except as to paragraph 2 of the petition, "that the contract . . . as annexed to the petition, and in section XVIII of the Standard Specifications incorporated therein, provided against liability for delays of the character set out in the petition." The provisions of "section XVIII" were not set out in the "plea."

The case was heard by *J. W. Morton*, J., "on the issues raised by the plea." He reported the case.

*R. W. Frost*, for the petitioner.

*E. O. Proctor*, Assistant Attorney General, for the Commonwealth.

RONAN, J. This is a petition against the Commonwealth under G. L. (Ter. Ed.) c. 258, to recover a balance due under a written contract, executed by the petitioner with the Commonwealth, for the construction of an extension to a reënforced concrete beam bridge in the towns of Bourne and Wareham; and also to recover damages alleged to have been suffered by the petitioner on account of delays in the

performance of the contract, due to the action of the respondent. The petition sets forth that the petitioner was delayed in the commencement of the work by the indecision of the department of public works and the negligent failure of the said department to approve a subcontract for certain materials and to furnish proper plans for the new bridge. It is further alleged that, after the work was begun, its progress was interrupted by the neglect of the department seasonably to give the petitioner a schedule for structural steel fabrication; by the request of the department that the prosecution of the work should not interfere with the use of a public highway; by substituting the use of tie rods instead of cables; by changing the size of the lighting conduit and junction boxes; by the unreasonable delay in giving orders for extra work; and by the unreasonable failure of the department to have the telephone cables removed. The Commonwealth admitted the balance due on the contract as alleged in the second paragraph of the petition, and filed an offer of judgment as permitted by G. L. (Ter. Ed.) c. 231, § 74, and c. 258, § 2, in the amount claimed, with interest. To the remaining paragraphs of the petition the respondent filed a paper purporting to be a plea, which alleged that all of the claims set forth in these paragraphs were not recoverable against the Commonwealth. In the Superior Court, this pleading was apparently treated as a plea in equity. The parties agreed that the respondent had paid for all extra work. The only evidence introduced at the hearing in the Superior Court was upon the truth of the allegations contained in this pleading. It was adjudged sufficient and sustained. The judge found and ruled: "As to the truth of the plea in fact, it appears that the contract forming the basis of the action bars claims for damages founded upon delay in the starting of the work to be performed under the contract, or any suspension thereof. As the matters of complaint that are set forth in the petition were based upon a claim for special damages in consequence of delay in the start of the work and interruption in the progress thereof after the start, which I rule would come

within the term 'suspension' as used in the contract, the plea is found to be true in fact, and I therefore sustain the plea, except as to paragraph 2 thereof [of the petition], with regard to which the respondent filed an offer of judgment for the amount declared upon therein." The case is here upon a report "upon the single question as to whether the provisions of the contract and standard specifications are a defense to the claims for delay alleged in the petition."

G. L. (Ter. Ed.) c. 258 furnishes the only remedy for the establishment and enforcement of all claims at law or in equity against the Commonwealth except in the few instances where some other method is authorized. *Nash* v. *Commonwealth*, 174 Mass. 335. *McArthur Brothers Co.* v. *Commonwealth*, 197 Mass. 137. The nature of the claim asserted is one in contract which could be enforced at common law by the ordinary methods if the respondent were other than a sovereignty. The Commonwealth is expressly authorized to avail itself of the provisions of the statutes relative to tender, offer of judgment, set-off and recoupment. We think that the proceedings should be regarded as setting forth an alleged claim at law although brought in the form prescribed by c. 258. *Stockbridge* v. *Mixer*, 215 Mass. 415. *Adams* v. *Silverman*, 280 Mass. 23.

The character and purport of a pleading are to be determined by the substantial allegations and the essential matters which it contains rather than its form or the title by which it is described. *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110. *Universal Adjustment Corp.* v. *Midland Bank, Ltd., of London*, 281 Mass. 303, 328. Pleas in bar have been abolished in actions at law and we think that the pleading in question should be treated as an answer in accordance with its plain tenor and its true nature. *Whiton* v. *Balch*, 203 Mass. 576. *Young* v. *Duncan*, 218 Mass. 346. *White* v. *E. T. Slattery Co.* 236 Mass. 28. *Partan* v. *Niemi*, 288 Mass. 111. *DiRuscio* v. *Popoli*, 269 Mass. 482. *Gallo* v. *Foley*, 299 Mass. 1. *Styrnbrough* v. *Cambridge Savings Bank*, 299 Mass. 22.

The petitioner is not harmed by dealing with the plea

as an answer to an action at law rather than as a plea in a suit at equity. The petitioner is not denied any technical advantage. The burden of proof was on the petitioner to show that it was entitled to recover damages for delay. The Superior Court apparently considered the plea as a negative one and that the burden was upon the petitioner to show that the allegations contained in the plea were not true. *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 511. *Becker* v. *Zarkin,* 292 Mass. 359. The petition and the plea were based upon the same ground, the written contract. There is no difference between the obligation assumed by the petitioner when it brought the petition to prove that its claims were not barred by the contract and the burden that rested upon it when it was required to prove that the plea, which was based entirely on the same contract, ought not to have been sustained because the contract was not a defence to its claims. The case was actually heard upon the petitioner's right to recover damages for delays. A party whose rights have been correctly determined according to law has no just grounds of complaint even if the court proceeded upon a mistaken assumption of the nature of the pleading that initiated the proceedings in which the decision was made. A full trial, untainted by any substantial error, has been had upon a decisive issue and the petitioner must abide by that result. *Magee* v. *Flynn,* 245 Mass. 128. *Rothstein* v. *Commissioner of Banks,* 258 Mass. 196. *Slocum* v. *Natural Products Co.* 292 Mass. 455. *Rathgeber* v. *Kelley,* 299 Mass. 444. *Helvering* v. *Gowran,* 302 U. S. 238, 245.

The findings of fact made by a judge in an action at law must be sustained if they can be supported upon any reasonable view of the evidence, including such rational inferences as the evidence warrants. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139. *State Street Trust Co.* v. *Lawrence Manuf. Co.* 284 Mass. 355. *Mutual Life Ins. Co.* v. *Royal,* 291 Mass. 487. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207.

A party to a contract, who is not precluded by its terms from asserting a claim for damages due to delay in com-

mencing or in completing performance, may recover if he can show that the delay was a breach of some express provision of the contract or of an implied obligation imposed upon the other party to the contract not to interrupt or hinder the progress of the first party. *Blanchard* v. *Blackstone,* 102 Mass. 343. *Gilbert & Barker Manuf. Co.* v. *Butler,* 146 Mass. 82. *Gray* v. *Currier,* 252 Mass. 78. *Eastern Massachusetts Street Railway* v. *Union Street Railway,* 269 Mass. 329. *Bucholz* v. *Green Bros. Co.* 272 Mass. 49. *Ragan* v. *Dyer,* 272 Mass. 495. *Zarthar* v. *Saliba,* 282 Mass. 558. 5 Williston, Contracts (Rev. ed.) § 1293A. The parties may, and did in the case at bar, contract in reference to delay. It appears from the contract, which was introduced in evidence, that the petitioner undertook the construction of an extension to a bridge, and to furnish all labor and materials required for the performance of the work in conformity with the provisions of the contract; and agreed "to receive as full compensation for everything furnished and done by the Contractor under this contract . . . and also for all loss or damage arising out of the nature of the work aforesaid . . . and for all risks of every description connected with the work, and for all expenses incurred by or in consequence of the suspension or discontinuance of the work as herein specified . . . such unit prices as are set out in the accompanying proposal." The specifications which were a part of the contract contained the following provision: "Article XVIII. Delay in Commencing Work. The Department may delay the commencement of the work, or any part thereof, if the Department shall deem it for the interest of the Commonwealth so to do. The Contractor shall have no claim for damages on account of such delay, but shall be entitled to so much additional time in which to complete the whole or any portion of the work required under the contract as the Engineer shall certify in writing to be just. The Contractor shall have no claim for damages on account of any delay on the part of the Department in performing or furnishing any work or materials to be performed or furnished by the Department in connection with the execution of the work covered by

the contract." The scope and extent of this article cannot be limited or controlled by its title or caption if a reasonable interpretation of its terms and language plainly manifests an intention to provide for delays occurring after the performance of the contract has begun as well as those postponing the commencement of the work. The body of the article is no more governed by its title than it would be by a preamble to the contract itself. *Wilson* v. *Towers,* 55 Fed. (2d) 199. *Chicago Daily News, Inc.* v. *Kohler,* 360 Ill. 351, 362. *First National Bank of East Conemaugh* v. *Davies,* 315 Penn. St. 59. *Scott* v. *Albemarle Horse Show Association,* 128 Va. 517. The title to a statute may be considered in determining its construction, yet its apparent scope and extent cannot be extended or restricted by the title itself. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway,* 187 Mass. 500, 505. *Inspector of Buildings of Watertown* v. *Nelson,* 257 Mass. 346, 350. *Commonwealth* v. *Flax,* 259 Mass. 117, 122, 123. *Milk Control Board* v. *Gosselin's Dairy, Inc.* 301 Mass. 174. We think the fair construction of this article, considered by itself, includes delays occurring before and also after the commencement of the work.

The article must be construed in reference to all the remaining provisions of the written contract of which it forms a part. Contracts are made to be performed, and it must be held that the parties intended to enter into a complete and final arrangement under such terms and conditions as would create and define their obligations and would enable them to accomplish their contemplated aims and objects. With this end in view, every phrase and clause must be presumed to have been designedly employed, and must be given meaning and effect, whenever practicable, when construed with all the other phraseology contained in the instrument, which must be considered as a workable and harmonious means for carrying out and effectuating the intent of the parties. The literal interpretation of any word or phrase may be qualified by the context in which it appears, by the general purpose manifested by the entire contract and by the circumstances existing at the time the contract was executed. *Cohen* v. *Bailly,* 266 Mass. 39, 46,

47. *Crimmins & Peirce Co.* v. *Kidder Peabody Acceptance Corp.* 282 Mass. 367, 379. *Radio Corp. of America* v. *Raytheon Manuf. Co.* 300 Mass. 113, 117. The article in question must be read in conjunction with clause 3 of the contract, which imposes upon the contractor the risk of "all expenses incurred by or in consequence of the suspension or discontinuance of the work." It cannot be contended that these words were added heedlessly or with intent that they should be ignored. *Bray* v. *Hickman,* 263 Mass. 409, 414. *Maksymiuk* v. *Puceta,* 279 Mass. 346, 353. *Rose-Derry Corp.* v. *Proctor & Schwartz, Inc.* 288 Mass. 332, 337.

The contract was executed upon March 5, 1935, and provided for its completion by June 29, 1935. The work was to commence immediately upon the execution of the contract and was to continue without cessation until completed. The parties must have contemplated that there might be delay in the commencement of the work and they agreed that in that event the petitioner should be given such additional time for completion as the engineer should determine was just, but it was specifically provided that the petitioner should have no claim for damages on account of such delay. Such a provision negatives any pecuniary compensation for delay. *Haydnville Mining & Manuf. Co.* v. *Art Institute,* 39 Fed. 484. *W. G. Cornell Co.* v. *Schuylkill County,* 222 Fed. 876. *Orlando* v. *Murphy,* 84 Fed. (2d) 531. *Hansen* v. *Covell,* 218 Cal. 622. *Richard* v. *Clark,* 43 Misc. (N. Y.) 622. *Goss* v. *Northern Pacific Hospital Association,* 50 Wash. 236. *Nelson* v. *Eau Claire,* 175 Wis. 387.

The judge was right in ruling that the word "suspension," as used in that portion of the contract providing that the expenses incurred by a suspension of the work should be borne by the petitioner, included interruptions in the progress of the work. *Enright* v. *United States,* 54 Fed. (2d) 182. *McComber* v. *Kellerman,* 162 Cal. 749. *Robinson* v. *Kistler,* 62 W. Va. 489.

The petition, in so far as it sought to recover for delays either in commencing the work or in temporary interruptions after the work was begun, did not set forth any valid

claim against the Commonwealth. *Allen* v. *Melrose,* 184 Mass. 1, 6, 7. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 495, 496. *Chouteau* v. *United States,* 95 U. S. 61. *Wells Bros. Co. of New York* v. *United States,* 254 U. S. 83. *Wood* v. *United States,* 258 U. S. 120. *H. E. Crook Co. Inc.* v. *United States,* 270 U. S. 4. *Belmar Contracting Co. Inc.* v. *State,* 233 N. Y. 189.

The petitioner did not introduce any evidence showing the reasons or causes of any of the delays alleged in its petition. The characterization of the action of the department of public works as negligent, unreasonable or due to indecision is not enough to avoid the pertinent provisions of the contract. The respondent or the officials in charge of the work are not charged with arbitrary, capricious or fraudulent action, nor with acting in bad faith or under such a gross mistake as to be tantamount to fraud. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 495, 496. *Hurley* v. *Boston,* 244 Mass. 466. *Ripley* v. *United States,* 223 U. S. 695, 701. *Montgomery* v. *Mayor, Aldermen & Commonalty of New York,* 151 N. Y. 249.

There is nothing in the contention that the plea should have alleged, and the respondent should have proved, that the delay in beginning the work was deemed to have been in the interest of the Commonwealth. If it were material, then the petitioner, and not the Commonwealth, for reasons sufficiently stated, had the burden of showing that the delays were inconsistent with the public interest. No question of pleading was raised, and in the absence of evidence to the contrary it could be inferred that the officials in charge of the work were acting fairly and impartially in the public interest. *Larkin* v. *County Commissioners of Middlesex,* 274 Mass. 437, 440. *Douglas* v. *Noble,* 261 U. S. 165, 170.

Upon a report in an action at law, we can consider only such questions of law as are contained in the report. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384. *Gilbert* v. *Beacon Hill Credit Union,* 287 Mass. 433. Even if we assume that it is open to the petitioner to contend that the changes made in the contract were so extensive as to result in a

new and different contract, yet such a contention finds no support in the record. The contract, as modified by the incidental changes alleged in the petition, did not constitute another or different contract, *Morse* v. *Boston,* 253 Mass. 247, and such changes were permissible under the contract. *Bay State Dredging & Contracting Co.* v. *South Essex Sewerage District,* 279 Mass. 158.

In view of the nature of the proceedings held in the Superior Court, we might add that, if we were to treat the plea as a demurrer, it would have to be sustained, and the same result would be reached as that to which we have come. *Stein* v. *Canadian Pacific Steamships, Ltd.* 298 Mass. 479. *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167.

The action of the judge in ruling that the claims based upon delay were barred by the contract was right. Decision is to be entered for the petitioner in the sum of $423.38, together with interest from the date of the filing of its petition to the date of the filing of the offer of judgment, and the Commonwealth is to have costs from the date of the filing of the offer of judgment. G. L. (Ter. Ed.) c. 231, § 75. *G. E. Lothrop Theatres Co.* v. *Edison Electric Illuminating Co. of Boston,* 290 Mass. 189.

*So ordered.*