Fremont-Smith, Thayer, J.
The plaintiff, Hereon Management, Inc. (“Hereon”), was a subcontractor of Peabody Construction, Inc. (“Peabody”) and has brought suit against Travelers which provided Peabody with a performance bond securing payment of unpaid invoices, which, Hereon alleges, total about $240,000.
Travelers has moved for summary judgment and plaintiff has filed an opposition and cross motion for partial summary judgment on counts I and II of the complaint.[1] Travelers’ affirmative defenses to Hercon’s complaint include defenses of release, and statute of limitations, which are the subject of these motions.

The Release

In order to obtain payment of a portion of an $11,800 invoice to Peabody, Hereon executed the following “Final Release”;

Final Release

[2]

In consideration of the payment of $11,000.00 by Peabody Construction Co., Inc. (’Peabodyj, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Hereon Management, Inc. (’Claimant’) and each of its agents, employees, predecessors, successors, insurers, attorneys, sureties, re-insurers, or assigns, hereby releases and forever discharges Peabody and its surety, Travelers Casualty and Surety Company of America (’Travelers’), and their agents, employees, predecessors, successors, insurers, attorneys, sureties, re-insurers, corporation affiliated with it, or assigns (collectively ‘the Released Parties’) from any and all debts, demands, actions, causes *318 of action, suits, contracts, bonds, sums of money, accounts, payments, covenants, controversies, agreements, promises, acts and omissions, damages, liabilities in any and all other claims of every kinds, nature and description whatsoever, both at law and in equity, both known and unknown, which Claimant now has, may have, or ever had against the Released Parties, arising out of or in any way connected with the project known as Newton South High School (the ‘Project’), and payment/performance bond numbers 103696213 issued by Travelers on behalf of Peabody (the ‘Bonds’).
The release had been drafted and sent to Hereon by Peabody. Hereon contends it was inadvertently signed by Hereon and returned to Peabody, which paid $11,000 of the invoice, but that Hereon clearly did not intend to release the approximately $240,000 which it was still owed for work and materials it had furnished.[3]
Peabody’s own business records do in fact reflect its apparent understanding that the release was intended to relate to only the invoice for $11,800, and not to other amounts which might be owed to Hereon. When Peabody faxed the release to Hereon, it had a cover sheet which stated “attached is the Final Release for work performed and billed under Invoice #4032 dated 4/18/06,” which was the invoice for $11,800.
An affidavit of Hercon’s Vice President, moreover, states that he was assured by Travelers (who issued the check to Hereon) “that the release was a formality required by Travelers and directed solely toward invoice for $11,800 ... I signed the release under the belief and in reliance on representations by Mr. Yee,[4] both orally and in writing, that the release applied only to Invoice No. 4032 - 4/18/06, which was for the fixed-price work performed in April 2006 and not for the balance of Hercon’s time and materials work, payment for which was still outstanding.” (Supplemental Affidavit of Joseph Baccelli.)
While it is true that an agreement which is, on its face, clear and unambiguous, cannot ordinarily be altered by parole evidence, there are exceptional circumstances in which this may be done. As was stated in Hosmer, Inc. v. Commonwealth, 302 Mass. 495, 501 (1939), with respect to an apparently unambiguous contract clause’s interpretation:
The literal interpretation of any word or phrase may be qualified by the context in which it appears, by the general purpose manifested by the entire contract and by the circumstances existing at the time the contract was executed. (Citations omitted).
Here, Peabody’s representation in the cover sheet which enclosed the release, that the release pertained only to the particular $11,800 invoice, could be considered by a jury to have been intended to be a part of the agreement so as to have modified the literal terms of the release in conformance with the parties’ expressed intention. If one considers the cover letter and the release as an integrated document, any ambiguity in the parties’ agreement would be a question of fact for a jury.
In any event, the written and verbal assurances to Hereon, upon which Hereon alleges it reasonably relied, could be found by a jury to have constituted fraud in the inducement of the release. See: King v. Motor Mart Garage Co., 336 Mass. 422, 426 (1957), where the Court said, at 426: “As to the release, it is settled that it was voidable if obtained by a fraudulent misrepresentation as to its contents, in circumstances where the party signing it did so without reading it, relying on that misrepresentation.”[5] See also: Shaws’ Supermarkets, Inc. v. Delgiacco, 410 Mass. 840, 842 (1991).
As for defendant’s statute of limitations argument, Baccelli’s affidavit contends that the date the complaint was filed (June 8, 2007) was within one year after completion of its work (June 23, 2006), when it was finally permitted to remove its equipment and materials from the site. It is a disputed issue of fact whether this “demobilization” entailed additional labor or materials under the contract so as to satisfy the one-year limitations period of M.G.L.c. 149, §29.
Accordingly, there are disputed issues of material fact that require denial of defendant’s summary judgment motion.
As to plaintiffs motion for summary judgment, there are disputed questions of fact not only as to the alleged fraudulent inducement of the release, but, even if the release is determined to be void, whether plaintiffs invoices were timely presented and accurate in amount. It is also in dispute whether some of the payments that Peabody did make to Hereon and then applied to reduce the amount it owed to Hereon on the project, were actually made for work Hereon had performed for Peabody on other projects.

ORDER

Accordingly, defendant’s motion for summary judgment and plaintiffs cross motion for summary judgment are both DENIED.

Count III of the Complaint, for violation of c. 93A and c. 176D, is not the subject of these motions.

Although the invoice was for $11,800, Hereon agreed to accept only $11,000 for payment of the invoice.

Hercon argues that it would be “preposterous" to believe that Hereon would release a debt exceeding $200,000 in return for Peabody’s payment of $11,000.

Joseph Yee was the Project Manager for Peabody and for Travelers.

Here, there was no requirement that plaintiff have pleaded “fraud in the inducement” as no responsive pleading is required to an affirmative defense, such as a defense of “release.”